## HUBBARD & AL. EX'RS. *v.* CUMMINGS.

A deed of conveyance of land in fee, and a mortgage of the same, made at the same time by the grantee to the grantor, are to be taken as parts of one and the same contract.

If such grantee, being an infant, continue in possession of the land after his arrival at full age, this is an affirmance of the contract.

So if, without *actual* possession, he bargain and sell the same land to a stranger.

In a case stated for the opinion of the Court, the parties agreed on the following facts,

*Jackson*, the Plaintiffs' testator, being seized in fee of a certain lot of land, on the 9th day of *August*, 1815, conveyed it to one *Dudley*, by deed, with the usual covenants of warranty ; and *at the same time*, as security for the purchase-money, took from *Dudley* a mortgage of the same land. At the time of making these deeds *Dudley* was a minor. Afterwards, on the 10th day of *October*, 1816, *Dudley*, being of full age, and remaining in possession of the land, for a valuable consideration conveyed it with warranty to *Simeon Cummings and others ;* and they in like manner conveyed it to the tenant, against whom *Jackson's* executors brought this action to recover possession of the land as mortgaged to their testator.

*Greenleaf*, for the demandants, cited *Zouch v. Parsons*, 3 *Burr*, 1794. *Co. Lit.* 2. b. 51. b. *Worcester v. Eaton*, 13 *Mass.* 374. *Com. Dig. Enfant*, C. 6. 8. *Holbrook v. Finney*, 4 *Mass.* 566. 8 *Co.* 42. *Badger v. Phinney*, 15 *Mass.* 359.

*Fessenden*, for the tenant, cited *Dean and Boycot*, 2 H. Bl. 515. *Taylor v. Croke*, 4 *Esp.* 187. *Willis v. Twombly*, 13 *Mass.* 234. *Boston Bank v. Chamberlain*, 15 *Mass.* 220.

Mellen, C. J. delivered the opinion of the Court.

It is agreed by the counsel on both sides that the deed of a minor is not absolutely *void*, but only *voidable* at the election of the minor after his arrival at full age. This principle of law is perfectly plain, and no authorities need be cited in support of it.

But it is contended by the counsel for the tenant that the minor, after his arrival at full age, did avoid the mortgage deed made by him during his minority ; and that the conveyance

made by him with warranty to *Cummings* and others was an open and explicit disavowal and disaffirmance of the mortgage, and passed the fee of the estate to his grantees.

The counsel for the demandants, on the other hand, contends that the deed from *Jackson* to *Dudley* and the mortgage back to *Jackson* form but *one contract ;* and that the continuance of *Dudley's* possession of the premises, after he became of full age, amounted to an affirmance of the whole contract, on the principle, that it must be affirmed or rescinded *in toto ;* and that even the deed itself to *Simeon Cummings and others* may be considered as an affirmance of the first deed and mortgage.

It is said that the promissory notes which were given for the purchase-money by the minor have not been paid nor put in suit ; and that perhaps no objection will ever be made by *Dudley* to the payment, on account of his infancy at the time of signing them. Still, the defence made in this action, and the facts on which the tenant relies, shew at once on which side of the case the justice of it is to be found.

The principal question is, do the deed from *Jackson* to *Dudley,* and the mortgage to *Jackson,* in the circumstances under which they were executed, constitute *one contract ?* If, in legal contemplation, they cannot be considered as distinct and independent contracts, but as only one contract ; the application of a few acknowledged principles will lead to an easy and satisfactory decision.

The common learning with respect to a mortgage may serve to illustrate the subject. It is well known to be wholly immaterial whether the condition annexed to such a conveyance be contained in the deed of conveyance, or in another instrument under seal, and executed at the same time, as a defeasance. Both deeds form but one contract.

If *A* convey lands to *B,* in fee, to the use of *C,* the wife of *B,* shall not be endowed of these lands ; for the seizin of *B,* is only instantaneous. *Co. Lit.* 31. *b.* 2. *Co.* 77. *a.* The seizin for an instant is where the husband, by the same act or same conveyance by which he acquires the fee, parts with it. This principle is recognized in the case of *Holbrook v. Finney,* 4 *Mass.* 566. and in the cases there cited ; and that case goes the length of establishing the doctrine contended for by the demandants.

Hubbard & al. Ex'rs. *v.* Cummings.

counsel, as to the construction to be given to a deed and mort-gage back to the grantor, executed at the same time. In that case the Court say, "The mortgage back to the father, from the terms of it, is of the same date with the conveyance from him. They are therefore to be considered as parts of the same contract." And again—"the two instruments must be consid-ered as parts of *one and the same contract*, between the parties, in the same manner as a deed of defeasance forms, with the deed to be defeated, but one contract, although engrossed on sever-al sheets." We are satisfied with this decision, and the reasons on which it is founded.

In the case under consideration, the legal operation of the deed *to* and mortgage *from Dudley*, was to convey an *equity of redemption* in the premises, and nothing more. Suppose a deed had been made by *Jackson* to *Dudley*, on condition to be void if *Dudley* should not, on a certain day, pay him a certain sum. In both cases he might acquire the absolute estate by payment of the money according to the terms of the condition.

It was at the option of *Dudley* to confirm or rescind the bar-gain, on his arrival at full age; but he could not confirm it in part, and rescind it in part. *Kimball v. Cunningham*, 4 *Mass.* 502. This would be giving to the minor not only the privilege of protecting himself, but the power of injuring others, without any legal accountability. We apprehend the law is not liable to this imputation. A minor is sufficiently protected from im-position and danger, if he may, on arriving at full age, rescind his contracts, and restore to his rights the person with whom he has contracted. The case of *Badger v. Phinney* cited by the counsel for the demandants is full to this point. It is impossible not to perceive the sound sense as well as sound principles of that decision, and to feel its force when applied to the case before us. In that case the goods had been sold to a minor, who was supposed to be of full age at the time he gave his promissory notes for the value;—and avoided them by the plea of infancy. The Court allowed the vendor to reclaim and hold the goods;—and they went even further;—they said that as to the goods which the minor had sold, and for which he had received payment, he could never have reclaimed them, though he had disaffirmed the contract at full age, without restoring the

price of the goods to the purchaser. In other words, the contract must be rescinded *in toto.* If affirmed in *part*, it is affirmed in the *whole.*

The only question remaining, is, whether *Dudley*, after he became of full age, did affirm the contract made with the testator. We have seen that he continued in possession of the lands until he sold to *Cummings*, which was sometime after his arrival at full age; and that he claimed to hold the lands by virtue of *Jackson's* deed, inasmuch as he undertook to sell and convey them with warranty. If an infant make an agreement, and receive interest upon it after he is of full age, he confirms the agreement. 1 *Vern.* 132. Or, if he make an exchange of land, and after he is of full age continues in possession of the land received in exchange. 2 *Vern.* 225. So, if he purchase lands while under age, and continues in possession after his arrival at full age, it is an affirmance of the contract. *Co. Lit.* 3. *a.* 3 *Com. Dig. Enfant*, C. 6. 2 *Bulstr.* 69. 2 *Vent.* 203. 3 *Burr.* 1710. On this point the authorities seem clear and decisive ;—the law is plain as the fact.

The case of *Boston Bank v. Chamberlain* which was cited by the counsel for the tenant is not similar to the case now before us. In the case cited, both parties claimed under deeds from the same person; one deed being made during his minority, and the other after his arrival at full age. But it does not appear how or from whom the minor obtained his title ; there was no question as to instantaneous seizin ; nor the construction of two instruments as forming one contract only.

Upon a full consideration of the case we are all of opinion that the action is maintainable upon principles of law well established ; and such as will protect an honest man from injury, as well as relieve a minor from the consequences of his indiscretion, or incapacity in making contracts. This decision will do justice to the heirs or creditors of *Jackson* and leave the tenant to seek his indemnity upon the covenants in the deed of *Dudley*, or his own immediate grantors.

Let judgment be entered for the demandants as on mortgage.