## DANA & AL. *vs.* COOMBS.

Where an infant purchased land which was under a mortgage previously made by the grantor to a stranger, and agreed to pay part of the purchase-money by procuring the discharge of this debt and mortgage ; which was accordingly done by substituting his own notes and a new mortgage to the creditor of the grantor ; and the deeds were prepared and executed on different days, but were delivered at one and the same time ;—it was held that the transaction was one and entire, though the deeds were between different parties; and that the infant, by retaining the land after he was of full age, ratified the mortgage.

THIS was a writ of entry, in which the demandants counted on their own seisin as mortgagees, against the mortgagor. In a case stated for the opinion of the court, it appeared that one *Cushman*, who formerly owned the land, had mortgaged it to the demandants to secure a debt of six hundred dollars, which he owed them. Afterwards, in *August*, 1825, he agreed with *Coombs* to sell the land to him for something more than seven hundred dollars ; of which he was to pay six hundred by procuring a discharge of *Cushman's* debt and mortgage given to the demandants. *Coombs* accordingly applied to the demandants, who consented to discharge *Cushman* on receiving a similar mortgage and notes from *Coombs* ; and agreed that *Cushman* should make a deed of general warranty of the land to *Coombs*, and deposit it in the hands of *W. B. Norton* their agent, until a new mortgage should be given by *Coombs* to the demandants, and the former mortgage be discharged. And on *Sept.* 27, 1825, a deed was made by *Cushman* and lodged with *Norton*, to be kept till the negotiation should be completed. The mortgage from *Coombs* to the demandants was prepared and acknowledged *Oct.* 3, 1825, and on the 22d of the same month both these deeds were delivered at the same time, and the former mortgage given by *Cushman* was discharged. During all this time *Coombs* was a minor ; but he had previously declared to *Norton*, the agent of the demandants, that he was of full age, and they knew not to the contrary. After his arrival at full age, *Coombs* conveyed the premises by deed to one *Edwards*.

12

---

---

*L. Whitman,* for the tenant, hereupon contended that this case stood upon the general principle that the deed of an infant was voidable; and that he had elected to hold it void, by conveying to *Edwards* in fee.   And he distinguished it from the case of *Hubbard v. Cummings,* 1 *Greenl.* 11, because there both the deeds were between the same parties, and made at the same time ; but here they were between different parties, and executed at different times.   The tenant's false affirmation to *Norton,* he insisted, could not affect this action, however it might form the basis of another.   *Conroe v. Birdsall,* 1 *Johns. Ca.* 127 ; *Taylor v. Croker,* 4 *Esp.* 137 ; *Boston Bank v. Chamberlain & al.* 15 *Mass.* 220.

*Greenleaf* and *Keith* for the demandants.

WESTON J. delivered the opinion of the court.

Certain deeds made by a minor are void ; others are voidable only at his election.   There has been some obscurity in the books, as to the principle, upon which this distinction is made.   By some cases, those seem to have been considered voidable which were beneficial, or carried a semblance of benefit, to the infant.   The law upon this point, as laid down in *Perkins, sec.* 12, is, that all gifts, grants, or deeds, made by infants, which do not take effect by delivery of his hand are void ; but all gifts, grants, or deeds, which do take effect by delivery of his hand, are voidable.   This was adopted as sound law in *Zouch v. Parsons,* 3 *Burr.* 1794, and in subsequent cases.   Letters of attorney, or deeds which delegate a mere power, and convey no interest, are put as examples of the former class ; and deeds of land, or which convey an interest, of the latter. The deed of an infant, therefore, conveying his land, whether absolutely or on condition, is not void but voidable.   The deed under which the demandants claim, is of this description.   On the one hand, it is insisted that it has been avoided by the grantor, after he arrived at full age ; on the other, that it has been affirmed.

In the case of *Zouch v. Parsons,* Lord *Mansfield* discusses the privilege of infants, which he says was given as a shield, and not as a sword ; and that it ought never to be turned into an offensive

Dana & al. *v.* Coombs.

weapon of fraud or injustice; that the end of the privilege is to protect infants; and that to this object all the rules and their exceptions must be directed. If an infant, when he arrives at full age, affirms a deed made to himself, he affirms the whole contract. It is not competent for him to claim to hold the land, and to avoid payment of the consideration he stipulated to give for it. Where his securities are given to the vendor, this would probably not be controverted, and it is fully recognized in *Hubbard & al. v. Cummings,* cited in the argument. But the circumstance, to whom the consideration is made payable, does not change the character of the transaction. To the infant it is of no importance to whom he is to make payment, whether to the person of whom he purchases, or to any other person whom he may appoint. If the vendor receives negotiable notes, and indorses them over, they are as valid in the hands of the indorsee, as of the payee. So is a mortgage, taken as collateral security, in the hands of an assignee. The protection of the infant, which is the ground upon which his privilege turns, does not require any difference or discrimination in these cases. The vendor chooses to have the notes given as the consideration, and the mortgage by which they are secured, made directly to his creditor. The creditor is willing to receive them. Shall the minor when he arrives at full age, elect to hold the land, and yet avoid the payment of the notes thus given, and the mortgage by which they are secured? It would be gross injustice so to adjudge; and it is not necessary for his protection. That object is fully answered, by leaving it to his election to determine, when arrived at an age at which he is by law deemed competent to manage his own concerns, whether he had made an improvident bargain, and whether, upon the whole, it was most for his interest to affirm or avoid it. What was the consideration, which the tenant argued to give *Cushman* for the land in question? The land being of the value of seven hundred dollars, he was to pay one hundred to *Cushman,* and the remaining six hundred he was to pay to the demandants, his creditors. This arrangement was more beneficial to the tenant, than if the whole consideration had been made payable to *Cushman.* For after he had paid *Cushman,* the latter might not have extinguished the mortgage, and the

demandants might have held the land, upon which they had a lien for their debt. It is not denied that if notes to the whole amount had been given to *Cushman,* secured by a mortgage to him, and the tenant had affirmed the contract, by conveying the land at full age, the incumbrance created by him would have attached. And yet that would have left the land incumbered also by the demand-ants' claim. How much more provident and prudent it was for the tenant to take the course he did, by which his purchase was reliev-ed from all incumbrance, except that created by his own debt, which he was bound upon every principle to pay, if he thought proper to retain the land. The whole arrangement was one trans-action ; as much as if all concerned had been present, and the instruments had been executed on the same day. They all took effect at the same time ; *Cushman's* deed remaining an escrow in the hands of *Norton,* until the negotiation between the tenant and the demandants was completed. Suppose the demandants, instead of suing the mortgage, had sued the tenant upon his notes. If he had set up the defence of infancy, it might well have been answered that they were given as part of the consideration for the purchase of land, which the tenant at full age chose to retain. And this act of his is equivalent to an express promise to pay the notes. If the notes would be good, the mortgage is good, by which they are secured. They all stand upon the same principle. By discharging their mortgage from *Cushman,* the demandants virtually united with him in assuring the land to the tenant. There was a privity between all concerned, by which what was done may and ought to be consider-ed as parts of the same contract. If the tenant would affirm, he must affirm the whole. He cannot adopt part and reject part. Nor is injustice, from this view of the case, done to *Edwards,* the tenant's grantee. He took the land, as every other grantee does, subject to all prior lawful incumbrances. If he has not retained a part of the purchase money, to be applied to their extinguishment, he is, or might have been, secured by the covenants of his grantor. Upon the facts agreed, the opinion of the court is, that the tenant must be called.                              *Tenant defaulted.*