## LAWSON *vs.* LOVEJOY.

The voidable contract of an infant may be ratified, after he comes of age, by his positive acts in favor of the contract; or by his tacit assent under circumstances not to excuse his silence.

Therefore where an infant purchased a yoke of oxen, for which he gave his negotiable promissory note; and after coming of age he converted them to his own use and received their avails; it was held that this was a ratification of the promise; and that the indorsee of the note was entitled to recover.

*Assumpsit* by the indorsee against the maker of a promissory note. The defence was infancy; and the case was submitted to the determination of the Court upon the following facts. The note was given for the price of a yoke of oxen, sold by the payee to the maker; who at that time was an infant; but after his arrival at full age, which was after the maturity of the note, he " converted the oxen to his own use, and received the avails of the same."

*D. Williams*, for the plaintiff, cited 3 *Maule & Selw.* 481 ; 1 *Pick.* 124 ; 1 *Vern.* 132.

*Boutelle*, for the defendant, cited 16 *Mass.* 460 ; 1 *Pick.* 203, 223.

PARRIS J. delivered the opinion of the Court.

It seems to be a well settled principle that such contracts of an infant as the court can pronounce to be to his prejudice are void ; such as are of an uncertain nature, as to benefit or prejudice, are voidable, and may be confirmed or avoided at his election, and such as are for his benefit, as for necessaries, instruction and the like, are valid.

The law so far protects him, in the second class of contracts, as to afford him an opportunity, when arrived at full age, to consider his bargain, its probable tendency and effect, to review the circumstances under which it was made, and, having weighed its advanta-

ges and disadvantages, to ratify or avoid it. If it be ratified, the original contract becomes binding and may be enforced. The ratification gives life and validity to the old promise, and if the contract be enforced at law, it will be by an action on the original agreement, and not on the ratification. But a ratification must, on the one hand, be something more than a mere acknowledgment of the debt, while, on the other, it need not be a direct promise to pay or perform. A direct promise is, indeed, evidence of a ratification, but not the only evidence. The contract of an infant may be rendered as valid, when he arrives at full age, by his mere acts as by the most direct and unequivocal promise. His confirmation of the act or deed of his infancy may be justly inferred against him, after he has been of age for a reasonable time, either from his positive acts in favor of the contract, or from his tacit assent, under circumstances not to excuse his silence. It was even said by Chief Justice *Dallas*, in *Holmes v. Blogg*, 8 *Taunt*. 35, that in every instance of a contract voidable only, by an infant on coming of age, the infant is bound to give notice of disaffirmance of such contract in reasonable time. Although this doctrine may not have been fully recognised to its utmost extent, yet such circumstances as shew that the infant either received a benefit from the contract after he arrived at full age, or did something from which assent might be presumed, have frequently been adjudged sufficient evidence of a ratification. Such as the silence of the infant after his arrival at full age, coupled with his retaining possession of the consideration, or availing himself in any manner of his conveyance. *Hubbard v. Cummings*, 1 *Greenl.* 11 ; *Dana v. Coombs*, 6 *Greenl.* 89. So if an infant lease land, and after he come of age receive rent; this is equivalent to an express promise that the lease shall stand, and the infant is bound by it. *Ashfield v. Ashfield, Sir W. Jones*, 157 ; *Litt. sect.* 258. So if an infant take a lease for years rendering rent, which is in arrear for several years when he comes of age, and he thereafter continues in possession. This makes the lease good and him chargeable with all the arrears which accrued during his minority ; for though, at full age, he might have disaffirmed the

lease and thereby have avoided payment of the arrears, yet his continuance in possession, after his full age, ratifies and affirms the contract *ab initio. Com. Dig. Enfant c.* 6 : *Evelyn v. Chichester,* 3 *Burr.* 1717. So receiving interest on a contract. *Franklin v. Thornebury,* 1 *Vern.* 132. The occupancy of lands taken in exchange for other land. *Cecil v. Salisbury,* 2 *Vern.* 225. And any other act indicating an intention to affirm. *Kline v. Beebe,* 6 *Conn.* 494.

The law wisely protects youth from the impositions of those who might be disposed to take advantage of their inexperience, and compels them to the performance of no engagements or the payment of no debts contracted within age, except such as are for necessaries suited to their condition in life. But while it affords this protection as a shield, it will not sanction its use as an offensive weapon of injustice, by which the unsuspecting and honest community are to be defrauded of their property. The privilege is afforded for no such purpose. The law requires of the infant the strict performance of his engagement, if subsequent to his arrival at age, it has been ratified and confirmed, either by a new promise, or by any act by which an acquiescence is implied. But if there have been no such ratification, and he repudiate the contract, common honesty will not, and legal principles ought not to permit him to retain the consideration, which was the foundation of the promise he thus avoids. He should place himself and the person with whom he contracted in the same situation as if no contract had been made. Surely he ought not to be permitted to keep all and pay nothing.

But in this case we are not called upon to decide whether the law would afford any remedy for one who had sold his chattels to an infant, by whom they had been converted into cash during infancy, there having been no subsequent confirmation of the contract. If the principles which have been recognized by this court in *Hubbard v. Cummings* and *Dana v. Coombs* stand unshaken, as we think they do, and can be applied to contracts for personal as well as real property, as we think they may, the contract, which is the

foundation of this action, was fully ratified by the acts of the de-defendant after he arrived at full age.

According to the agreement of the parties, the defendant must be defaulted.