## IRA THING & al. vs. OLIVER LIBBEY.[*]

Where the defendant, while under the age of twenty-one years, purchased goods and gave his note therefor, and made sale of most of them in the ordinary course of business, and transferred and assigned the residue to secure the payment of a debt ; the retaining of these goods for sale by the minor, as the servant of the assignee, until after he became of full age, does not deprive him of the right to set up infancy as a defence to the note.

If a promise made by an infant be renewed or ratified by the promisor, when of full age, but after the commencement of a suit thereon, *that suit* cannot be sustained thereby.

ASSUMPSIT on a note dated *May* 17, 1834, for $317,17, signed by the defendant, on demand with interest. The action was commenced *July* 22, 1834. The parties agreed on a statement of facts. *Libbey* did not become twenty-one years of age until *June* 23, 1834. The note was given for goods sold by the plaintiffs to the defendants several months before it was given. The facts are sufficiently apparent in the opinion of the Court.

The arguments were in writing.

*S. W. Robinson,* for the plaintiff.

The plea of infancy is a privilege given to minors to be used as their shield against oppression and fraud, and not as an instrument of injustice. An infant may affirm after coming of age. Affirmation may be by expressly assenting to the contract, or may be by any act or conduct of his, showing a determination to retain the benefits of the contract. And if he affirms a contract in part

---

[*] *Shepley J.* did not sit in this case, the arguments having been handed in before his appointment. The opinion was not received by the Reporter until after the last volume was printed.

he ratifies the whole. Retaining property after full age, is affirmation. *Hubbard* v. *Cummings*, 1 *Greenl.* 11 ; *Dana* v. *Coombs*, 6 *Greenl.* 89 ; *Lawson* v. *Lovejoy*, 8 *Greenl.* 405 ; 3 *Burrow*, 1717 ; *Com. Dig. Enf. c.* 6. He insisted that on these principles the plaintiff ought to recover.

*H. W. Fuller, Jr.* for the defendant.

There has been no express promise to pay the note, and the law must imply one from the facts, or the plaintiff cannot prevail. The demand of the plaintiff on the defendant to deliver up the goods, and his refusal, is a nullity. 1. Because not made until after the action was instituted. 2. The note was not offered to be given up. 3. Because the remnant of goods had been sold to *Page*, while the defendant was a minor, and were retained by the defendant merely as the servant of *Page*. He could not in good faith avoid to contract with *Page*. *Badger* v. *Phinney*, 15 *Mass. R.* 359 ; *Hubbard* v. *Cummings*, 1 *Greenl.* 11 ; *Dana* v. *Coombs*, 6 *Greenl.* 89 ; *Willis* v. *Twambly*, 13 *Mass. R.* 204 ; *Roberts* v. *Wiggin*, 1 *N. H. Rep.* 73. The case *Lawson* v. *Lovejoy*, 8 *Greenl.* 405, carries the doctrine of ratification as far as any case, but not far enough to enable the plaintiff to sustain his action. He urged, that on the settled principles on this subject, the decision should be in favor of the defendant.

The opinion was drawn up by

EMERY J. — The expectation of the plaintiffs in this case is to charge the defendant, who was a minor at the time of giving the note in suit, for a stock of goods sold and delivered to the defendant several months previous to its date. Such of the goods as remained on hand, to the amount only of fifty dollars, several weeks before giving the note, the defendant had in good faith assigned and transferred to one *Samuel Page* to secure him for certain debts due to *Page*, and liabilities on his account. All the rest of the goods had been fairly sold. After this mortgage of the goods to *Page*, which were delivered to him on the assignment, they were left in the defendant's possession in trust to sell and apply the proceeds to *Page's* benefit, and it is insisted, that these acts of the infant, shewing a determination to retain the benefits of the contract, amount to a ratification of the whole contract.

The cases of *Hubbard & al.* v. *Cummings*, 1 *Greenl.* 11 ; *Dana & al.* v. *Coombs*, 6 *Greenl.* 89 ; *Lawson* v. *Lovejoy*, 8 *Greenl.* 405 ; *3 Burr. Rep.* 1717 ; *Com. Dig. Enf. c.* 6, are relied on to support this position.

In *Lawson* v. *Lovejoy*, the defendant had sold the property after he became of age.

In the present case, the defendant had only a qualified right of possession in trust for *Page*. He could not under these circumstances have legally delivered them for any purpose inconsistent with the trust. The court in *Lawson* v. *Lovejoy*, say they do not decide whether the law would afford any remedy for one who had sold his chattels to an infant by whom they had been converted into cash during his infancy, there being no subsequent confirmation of the contract. No new promise has actually been made by the defendant. And such a promise must be made before the commencement of suit or it cannot be given in evidence. *Ford* v. *Phillips*, 1 *Pick.* 202.

The demand subsequent to the commencement of the suit, and the refusal to release the residue of the goods because they were *Page's*, we think ought not to be regarded as amounting to a ratification of the contract so as to charge the defendant upon this note. There was no offer by the plaintiffs to give up the note at the time the demand was made. If the doctrine be, that the privilege extended to infants should be a shield, it would seem, that his acts which amount to a confirmation ought to be of such an unequivocal nature as to establish a clear intention to confirm the contract, after coming of age, after a full knowledge that it was voidable. *Tucker* v. *Moreland*, 10 *Peters*, 75, 76.

This was in case of a deed, it is true. But it should be voluntary, not obtained by circumvention, nor under ignorance of the fact that he was entitled to claim the privilege.

*The plaintiff must be nonsuit.*