† Thurlow & al. *versus* Gilmore.

Partial payments by the debtor on a running account, without special appro-priation, are to be applied in discharge of the earliest items.

And this rule is applicable where such payments are made by one of *full age*, upon an account commencing *before* and terminating *after* the debtor's majority.

For goods sold to a minor, no action can be maintained without a ratification in writing signed by him after he shall arrive at the age of twenty-one years, or by some person thereto by him lawfully authorized.

On Report from *Nisi Prius*, Tenney, J., presiding.

Assumpsit. The writ was dated May 13, 1853, and con-tained one count on an account annexed, and another on an *insimul computassent.* Plea, infancy.

It appeared that Robert W. Gilmore, the defendant, purchased sundry goods of plaintiffs, and kept a store in another town where he sold the same. His dealings com-menced in July, 1851, and terminated Feb. 5, 1853.

The plaintiffs sold him, between these dates, to the amount of $2198,54, and he paid them at sundry times $1210,33 on the account.

Subsequently to September 15, 1852, the sales to him amounted to $187,00; and after that date he paid plaintiffs $346,00.

In March, 1853, it appeared that defendant examined the account against him on plaintiff's books, and admitted its

correctness, and promised to obtain a good note therefor and pay the same, being the same balance sued for.

The defendant failed to get the note, but soon after caused several suits to be commenced against himself, in the names of several of his creditors, among which was one in the name of plaintiffs, dated March 30, 1853, on an account annexed, which read as follows: —

" Robert W. Gilmore to S. G. Thurlow & Co., Dr.

" 1853, March 30. To balance of account, as per books of said S. G. Thurlow & Co. $1015,12."

On this writ was a return of an attachment of defendant's goods in his store, but the return was not signed by the officer. This writ was not entered in Court.

The defendant proved that he was born September 15, 1831.

The Court were authorized to draw inferences as a jury might, and render judgment by nonsuit or default.

*N. Abbot*, for defendant, cited c. 166, of the laws of 1845, as furnishing a bar to this action. There had been no ratification of the contract under the hand of defendant or by his authority.

He was of age Sept. 15, 1852, and the payments made by him after that time, the law will appropriate to the discharge of his legal debt, and not to that which was not binding upon him.

*A. T. Palmer*, for plaintiffs. — That the law would apply the payments made, as they were here, upon an open account, to the first which accrued, he cited *U. S.* v. *Kirkpatrick*, 9 Wheat. 720; *Fairchild* v. *Holley*, 10 Conn. 175; *Upham* v. *Lefavour*, 11 Met. 174.

This arrangement was assented to by defendant when he agreed to the balance, and especially when he caused himself to be sued on it. *Starrett* v. *Barber*, 20 Maine, 457; *Peters* v. *Anderson*, 1 Eng. Com. Law R. 202; *Simpson* v. *Ingham*, 9 Eng. Com. Law R. 28.

The balance, which he admits he had and which is now sought to be avoided on account of infancy, is $801,21.

This amount he retained after he became of age, and appropriated by the use and sale of it.

In answer to the statute, he contended, that the retention of the property after Sept. 15, 1852, was a renewal of the sale, the goods being in his hands, no new delivery was necessary; and that he was estopped to deny it to be a sale after that date; that his attempt to dispose of the property makes it evident that he affirmed the sale. *Boody* v. *McKenney*, 23 Maine, 517.

That the statute cited did not apply; the action was not upon a contract while defendant was a minor; the settlement was a new contract.

That if the statute did apply, the writ and account made by defendant's own order, is a fulfilment of the statute requirement.

APPLETON, J. — Where there is a single open account, as in the present case, the law seems well settled by the unvarying current of authorities, that a payment generally on account is to be deemed as made in satisfaction of the earliest items. *Clayton's case*, 1 Mer. 585 ; *Mills* v. *Fawkes,* 5 Bing. N. C., 455. In *Pennell* v. *Deffell*, 4 DeG., Mc. & G., 372, the L. J. TURNER, in his judgment, says, " I take it to be now well settled, that all moneys are to be applied to the earlier items in the opposite side of the account. By every payment which he makes, the banker discharges so much of the debt which he first contracted." This principle is by no means limited to bankers, but is applicable to all accounts. In this case there is no pretence, that any payment was made in discharge of any particular item of the account in suit. The payments, from the facts as developed in the testimony, must be regarded as having been made upon the account, and to be appropriated towards the discharge of its earliest items.

Applying the payments in this way, there is still a large sum to the recovery of which infancy is relied upon as a bar.

It is enacted by the statute of 1845, c. 166, that " no ac-

tion that may be brought after the passage of this Act, shall be maintained against any person upon a contract made with a minor, unless the same is ratified *in writing signed by the party to be charged by said contract*, after arriving at the age of twenty-one years, or by some person thereto by him lawfully authorized," &c. No promise in writing signed by the defendant has been made.

To avoid this defence, it is alleged, that the defendant retained the goods till after he became of age, and then disposed of them for his own benefit. Such may have been the case, but it does not appear in the evidence reported, upon which alone we can act.

It is likewise urged upon our consideration that the defendant has made a new contract since he became of age. The evidence discloses no such new contract. It does indeed show a most clear and distinct recognition of existing indebtedness and of the amount due. But that is not enough. The statute in most unequivocal terms prohibits the maintenance of the suit, so far as it regards the goods sold when the defendant was infant. For those sold after the 15th Sept. 1852, the plaintiffs are entitled to recover.

*Defendant defaulted for $187.*