WILLIAM W. BIRD *vs.* JOHN F. SWAIN.

Oxford. Opinion November 30, 1887.

*Contract. Minor. Ratification. R. S., c. 111 § 2.*

The defendant during his minority bargained and delivered a horse to the plaintiff and took a Holmes note thereon as security for the purchase money; after attaining his majority he indorsed on the note and signed the following words: "The within note being paid I hereby discharge the property thereby secured." *Held,* that the indorsement cannot be construed as a "ratification in writing" within the meaning of R. S., c. 111, § 2, of an alleged warranty of the soundness of the horse.

ON exceptions.

The opinion states the case and material facts.

*S. F. Gibson,* for plaintiff.

In *Boody* v. *McKenney,* 23 Maine, 525, the court tells us what is a ratification or affirmance of a contract like this one; the court say "that when he has during his infancy sold and delivered personal property. When the contract was executed by his receiving payment, it is obvious, that he can receive no benefit by acquiescence; and it alone does not confirm the contract. When the contract remains unexecuted and he holds a bill or note taken in payment for the property, if he should collect or receive the money due upon it, or any part of it, that would affirm the contract." See 8 Maine, 405;

1 Greenl. 11; 6 Greenl. 89; 34 Maine, 594; 56 Maine, 102. In 70 Maine, the court say, "without a further citation of authorities it seems to be established as a general rule that when an infant enters into a contract and after becoming of age receives the benefit from it or by virtue of it does an act which is an injury to the other party he thereby ratifies it."

The court in 56 Maine, 102, *Robinson* v. *Weeks*, say that in order for a minor to avoid his contracts that are voidable by him, he should be held to place the party, with whom he deals, substantially in *statu quo*.

*Bearce and Stearns*, for the defendant.

Virgin, J. The plaintiff counted on an alleged verbal contract whereby the defendant warranted a horse which he bargained and delivered to the plaintiff, on November 12, 1884, to be "all right and good to work."

The defendant pleaded infancy.

By agreement the action was referred by rule of court. The referees reported in substance that on the day named, the defendant being then more than twenty, but less than twenty-one years of age, bargained and delivered to the plaintiff a horse, receiving therefor a cow, a pair of steers and the plaintiff's note for sixty-five dollars on six months, in which it was stipulated that the horse should remain the defendant's property until the note was fully paid. After maturity, the note was paid to the defendant who then had attained his majority.

The referees made an alternative report that if the action is maintainable, they find a promise and assess damages at twenty-five dollars—otherwise no promise. The referees find no ratification in writing. The report of the referees was accepted and judgment ordered for the defendant, whereupon the plaintiff alleged exceptions.

We are of opinion that the exceptions must be overruled. R. S., c. 111, § 2, provides that no action shall be maintained on any contract made by a minor, unless he or some person lawfully authorized, ratified it in writing after he arrived at the age of twenty-one years, except for necessaries or real estate," &c.

No fact found by the referees brings the case within the provisions of the statute. The early authorities cited by the plaintiff declare the common law rule of ratification, and the cases were decided before the statute above mentioned was enacted in 1845. *Davis* v. *Dudley,* 70 Maine, 236, related to real estate which is an exception expressly mentioned in the statute.

Even if the indorsement on the note—"the within note being: paid, I hereby discharge the property thereby secured," was signed by the defendant after he became of age, it cannot be construed as a "ratification in writing" of the alleged warranty of the horse.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ.,. concurred.