WILLIAM B. NEAL *vs.* WILLIAM B. BERRY.

Kennebec.    Opinion December 26, 1893.

86  193
92  165

*Partnership.  Minor.  Ratification.  R. S., c. 111, § 2.*

A note was given by a firm, one member of which was then a minor.  Upon dissolution of the firm,—by an oral submission to arbitration in which the note was expressly excluded,—the other partner assumed all its liabilities, retaining the assets, and was required to pay the note.  He sought to recover one half of the amount so paid from his co-partner.  *Held;* that if the note was a firm liability it belonged to the plaintiff to pay the whole of it by the terms of the dissolution; if not such a liability, then it was a joint promise for which the defendant, being a minor, is not holden, he not having ratified his promise in writing according to the statute since he became of age.

ON REPORT.

*G. W. Heselton*, for plaintiff.
*A. M. Spear*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

HASKELL, J.    In June, 1887, plaintiff and defendant became partners.    Defendant was a minor.    December 17, 1887, the firm gave a note for sixty dollars.    December 23d, defendant became of age.    The partnership was dissolved June 10, 1888.  The partnership affairs were settled by an award of referees, July 17, 1888.    The note was excluded from the reference by mutual consent.    By the terms of the award, $615.47 was to be paid the defendant, and the plaintiff was to succeed to the firm business and save defendant harmless from all liabilities of the firm.    November 5, 1888, plaintiff paid the note and has sued defendant for his half.

If the note is to be treated as a firm liability, then it became plaintiff's duty to pay the whole of it by the terms of the award, and he cannot recover in this suit.

If it is not to be treated as a firm liability, then it is the joint liability of the parties, and the plaintiff may recover one half

of what he paid upon it, unless the defendant is not bound by reason of infancy when the note was given. The infancy is admitted. Has the defendant ratified his promise in writing since he became of age? No such writing is· produced. The common law authorities do not apply. R. S., c. 111, § 2; *Bird v. Swain,* 79 Maine, 529.

*Judgment for defendant.*