## LAMKIN & FOSTER *vs.* PIERRE LeDOUX.

## York.   Opinion September 17, 1906.

*Contracts.   Sales.   Infancy.   Ratification.   Repudiation of Contract by Infant. No Action Can be Maintained, When.   R. S., c. 113, § 2.*

1.  When merchandise is sold and delivered unconditionally upon credit without any stipulation that the title shall remain in the vendor until payment, the fact that the vendee is a minor under the age of twenty-one years does not prevent the property passing to and vesting in the vendee.

2.  The fact that such vendee after coming of age neglects or refuses to pay for the merchandise does not revest the property in the vendor.

3.  The fact that such vendee after coming of age sells the merchandise does not make him liable to an action by the vendor either in tort or for money had and received.

4.  At common law no action could be maintained upon a promise made by one when a minor, even to pay for merchandise sold and delivered to him upon credit, unless he ratified the promise after coming of age.  By statute R. S., c. 113, § 2, such ratification (except as to necessaries) must be in writing or no action can be maintained on such promise.

5.  The signing a bond to release the merchandise from attachment at the suit of the vendor is not a ratification of a promise to pay made while a minor.

6.  In this case the action, being on account annexed for merchandise sold and delivered to the defendant when a minor, is an action on the original promise made during his minority, and the merchandise not being necessaries and the promise to pay for the same not having been ratified in writing, the action cannot be maintained.

On report.   Judgment for defendant.

Assumpsit on account annexed to recover the sum of $1097.92 for merchandise sold and delivered to the defendant.   Plea, the general issue with brief statement as follows:

" And for a brief statement of special matter of defense to be used under the general issue pleaded, the said defendant further says: that at the several times of the making of the said several promises in the plaintiff's declaration mentioned, he the said defendant was an infant within the age of twenty-one years, to wit, of the age of nineteen years, and no more and that the said several promises have not been

ratified by himself nor by any person lawfully authorized, after he arrived at the age of twenty-one years."

Tried at the May term, 1905; of the Supreme Judicial Court, York County. At the conclusion of the plaintiffs' evidence it was agreed to report the cause to the Law Court "for decision upon so much of the evidence as is legally admissible" and the Law Court "to enter such judgment as the legal rights of the parties require," and the cause was so reported.

. The case appears in the opinion.

*Charles W. Ross and Benjamin F. Hamilton,* for plaintiffs.

*Charles T. Read,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

EMERY, J. The plaintiffs sold and delivered to the defendant merchandise (boots and shoes) to the amount of $1,000. The sale and delivery were upon credit, but there was no stipulation that the title to the merchandise should remain in the plaintiffs until payment, and no fraud is shown; hence the title passed to the defendant with the delivery of the merchandise to him. At the time of the sale and delivery the defendant was a minor under the age of twenty-one years, though he was engaged in business as a retail trader and purchased this merchandise to sell again in his business. He sold part of the merchandise before he came of age and continued selling from it after coming of age and had some of it in his store at the time of the attachment in this action begun after he was of age. He has never ratified his contract in writing. The action is upon one count only, that upon account annexed for merchandise sold and delivered. The defendant pleaded his infancy in bar.

The plaintiffs concede that as to the merchandise sold by the defendant before he came of age his infancy is a bar, since as to that there was no ratification in writing after coming of age as required by the statute, R. S., ch. 113, sec. 2. They contend, however, that as to the merchandise sold or retained by him after attaining his majority, he is liable as upon an implied promise then made by him

to pay for them.   They further contend, as an alternative proposition, that, by refusing to pay for the goods after coming of age and by pleading his former infancy in support of that refusal, he repudiated the contract made with him while a minor, and that such repudiation related back to the time of his coming of age, whereby the property in the merchandise then remaining in his possession reverted to the plaintiffs, and the defendant became liable for disposing of or retaining their property.   They argue that the defendant could not repudiate the contract without restoring the consideration, and hence the property in the remaining merchandise must be considered as having been restored by the repudiation.   They contend that the case is thus taken out of the purview of the statute.

If, during his minority, the defendant had paid for the merchandise and was now seeking to recover back the money so paid on the ground of his infancy when the contract was made, he would be repudiating the contract and would be obliged to restore the consideration (the merchandise) before such repudiation could be allowed. The statute would not avail him.   *Hilton* v. *Shepherd*, 92 Maine, 160.   This case, however, is entirely different.   The contract of sale was completely executed by the unconditional delivery of the merchandise.   The defendant's neglect or even refusal to pay the agreed price does not rescind that transaction any more than if he had given his promissory note for the price and failed to pay the note when due.   The merchandise became the defendant's property upon the unconditional sale and delivery to him, and it all remained his property though he failed or refused to pay for it.

After all is said that can be said in support of the plaintiffs' contentions, the fact remains that this action is based solely upon the defendant's promise to pay made while he was an infant.   The action is to enforce that promise and nothing else.   There is nothing else to be enforced.   The sale was made, the goods were delivered, the property in them passed to the defendant.   The only thing left to be done or enforced was the defendant's contemporaneous promise to pay for them.

Unfortunately for the plaintiffs that promise or contract to pay was made by the defendant while a minor.   Even at common law a

minor's contract was not enforceable unless ratified by him after coming of age. Our statute goes further and makes such contract unenforceable by action unless it is ratified in writing by the maker after coming of age. The defendant's conduct after coming of age may have shown a sufficient ratification at common law, but there was no ratification in writing, and hence the statute bars the action. If there be any doubt that such is the effect of the statute upon this action, we think it removable by a little study of the language of the statute which is as follows: "No action shall be maintained on any contract made by a minor unless he, or some person lawfully authorized, ratified it in writing after he arrived at the age of twenty-one years, except for necessaries, or real estate of which he has received the title and retains the benefit." R. S., ch. 113, sec. 2. The prohibition is absolute. The statute does not impose any conditions to be complied with before the defendant can have the shelter of the statute. It does not require him, before or afterward, to return the consideration as a condition. In *Bird* v. *Swain,* 79 Maine, 529, the defendant retained the consideration while successfully interposing the statute.

The only two exceptions named in the statute also show its application to this case. The statute provides that it shall not apply to a contract made by a minor (1) for necessaries, or (2) for "real estate of which he has received the title and retains the benefit." It seems a necessary inference that the statute does apply to a contract made for other kinds of property (not necessaries nor real estate) "of which he has received the title and retains the benefit." *Exceptio probat regulam.* The rule is stated and the exceptions are stated. The contract in this case is not within the exceptions. It is therefore within the rule of the statute.

One other argument of the plaintiffs remains to be noticed. Upon the attachment of his property in this action the defendant signed a bond in the usual form for a release of the attachment. We find nothing in that instrument indicating a ratification of the original contract upon which the action is based.

The plaintiffs finally urge the hardships of this construction of the statute upon parties who in good faith have sold valuable

merchandise to minors, and also its encouragement of dishonesty and worse upon the part of minors purchasing merchandise. This might be a valid argument in a doubtful case, but it cannot avail against language so plain and unqualified as that in this statute. The consequences feared can be easily avoided by refusing credit to minors, the fact of minority being easily ascertainable.

In view of many judicial opinions cited contra to this, including some in this state, it should be noted in conclusion that in none of them was the effect of this or a similar statute involved, and hence they are not in point. No decision of this court since the enactment of this statute is at variance with our decision here.

*Judgment for the defendant.*