SAWYER BOOT & SHOE COMPANY

*vs.*

ABRAHAM I. BRAVEMAN.

Penobscot.    Opinion February 18, 1927.

*Ratification is the intentional recognition of some previous promise with the intention of rendering it binding.    It always resolves itself into a question of intention.*

In the instant case the statements made by the defendant in his bankruptcy petition and schedules do not meet the essential requirements of a valid ratification under the statute, and therefore have no tendency to establish such a ratification and were properly excluded.

On exceptions.    An action in assumpsit to recover of defendant for merchandise sold and delivered to him while a minor, alleging and relying upon ratification.    During the trial plaintiff excepted to several rulings excluding evidence, and also excepted to a directed verdict for defendant.    Exceptions overruled.
The case is sufficiently stated in the opinion.
*James D. Mawxell,* for plaintiff.
*Albert L. Blanchard,* for defendant.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, STURGIS, BARNES, JJ.

STURGIS, J.   The plaintiff. corporation sold and delivered to the defendant while a minor several lots of boots and shoes to the amount of $122.    The sale was upon credit and the title passed to the defendant.    At the time of the sale the defendant was engaged in the retail boot and shoe business and purchased this merchandise for resale in his store.    He attained his majority September 13, 1924, and four days later, September 17, 1924, filed a petition in bankruptcy in the United States District Court, listing the plaintiff as a creditor with the amount due stated.    The action is upon account annexed for merchandise sold and delivered, and the plea is infancy.

Revised Statutes, Chap. 114, Sec. 2, provides: "No action shall be maintained on any contract made by a minor, unless he, or some person lawfully authorized, ratified it in writing after he arrived at the age of twenty one years, except for necessaries, or real estate of which he has received the title and retains the benefit."

The plaintiff relies upon the inclusion of the plaintiff's name in the list of creditors filed in the bankruptcy proceedings as constituting a written ratification of the defendant's original promise to pay. The defendant's petition and schedule in bankruptcy were offered in proof of ratification and excluded.

An extract from the testimony of the defendant before the Referee in Bankruptcy was offered for the same purpose and also excluded.

The minority of the defendant at the time the purchase was made having been established, on motion the presiding Judge directed a verdict for the defendant. The case is brought forward on exceptions to the exclusion of the evidence offered and the direction of the verdict.

Ratification, as applied to promises made by the person ratifying is simply the intentional recognition of some previous promise with the intention of rendering it binding. The ratification of a voidable promise is a recognition of it and an election not to avoid it but to be bound by it. *Ditcham v. Worrall*, 5 C. P. D., 410; Eversley, Dom. Rel., Sec. 841; 10 American & English Encyc. of Law (1st Ed.), 646. Ratification always resolves itself into a question of intention. *Durfee v. Abbott*, 61 Mich., 471, 477. The ratification required by the statute must be something more than a recognition of the existence of the debt and the amount due thereon. *Thurlow v. Gilmore*, 40 Me., 381. It must be a "deliberate" written ratification. *Hilton v. Shepard*, 92 Me., 164.

BANKRUPTCY PETITION AND SCHEDULE.

No statements by the defendant in the petition or schedules filed in these bankruptcy proceedings meet the essential requirements of a valid ratification under the statute. Such listing of creditors is required by the Bankruptcy Act, and if deemed an acknowledgement of the existence of the debt and amount due thereon, it contains no express or implied promise to pay the debt or election to be bound by it. In fact, the schedule is attached to and a part of the

petition, in which the defendant under oath asserts his inability to pay his debts to the plaintiff and other creditors listed.

In *Roscoe* v. *Hale,* 7 Gray (Mass.), 274, it is held that the insertion of the debt in a schedule of insolvency is an admission of the exisence of the debt, but affords no just ground to infer any intent to renew the promise. The Court says: "It was an admission made entirely diverso intuitu. So far from implying any new promise—it rebuts any such presumption or inference. It was an act done as a necessary part of a proceeding by which the defendants sought to be absolved and discharged from their contracts and obligations, not to renew or extend them."

In *Christy* v. *Flemington,* 10 Pa., 129, in considering the effect of the listing of a creditor's name in an insolvency schedule, the Court says: "The whole import of the proceedings is an assertion on the part of the applicant that he is unable to pay his debts. * * * * This acknowledgement, therefore, is nothing more than an admission of the debt accompanied with a declaration that the debtor is unable to pay."

In *Hidden* v. *Cozzens,* 2 R. I., 401, the effect of listing creditors in an insolvency petition and schedule is stated in these words: "A petitioner for the benefit of the insolvent law is required by that law to annex to his petition a true inventory of all his debts. This is not made with any view to payment of the debt, but on the contrary, is annexed to and made a part of the petition in which the debtor under oath states he is unable to pay; and so far from being an acknowledgement of a subsisting debt which the party is liable and willing to pay, the acknowledgement is made to protect him from process by the creditor to compel him to pay it. The substance of the proceeding is, he says to the Court the debt is due, but I cannot pay it."

In *Hellen* v. *Hellen,* 170 Ill. App., 464, and in *Nonotuck Silk Co.* v. *Pritzker,* 143 Ill. App., 644, the same effect is given to similar statements in bankruptcy proceedings.

While these decisions cited involve the statute of limitations and not a plea of infancy, in *Henry* v. *Root,* 33 N. Y., 534, it is said that the contracts of an infant may be revived and ratified by him on arriving at age upon the same principles and for the same reason and by the same means as a debt barred by the statute of limitations. It is our conclusion that the defendant's petition and schedule in

bankruptcy had no tendency to establish a statutory ratification of his contract and their exclusion was not error.

### DEFENDANT'S TESTIMONY BEFORE REFEREE.

Plaintiff's Exhibit 3 C, a transcript of testimony given by the defendant before the Referee in Bankruptcy, was properly excluded. It was produced from the files of the District Court. The testimony when given was oral. It was not then a written ratification. When and under what circumstances the transcript was signed by the defendant does not appear. Undoubtedly his signature was subscribed at some date after the hearing and under the necessity of complying with the rules of the Bankruptcy Court, and so far as the record shows, never came into the possession of the plaintiff or his attorney. When the testimony was given the bankrupt was seeking a discharge of his debts, not intentionally renewing his previous promise or electing to bind himself to its fulfillment. At most, his statements must be construed only as an admission of the existence of the debt, which does not meet the statutory requirements. To hold that the statements of a person under such circumstances afterwards reduced to writing, and signed not voluntarily but of necessity, can be seized upon by his creditors as a written ratification of his contracts made in infancy, is to destroy the shield of protection with which the law surrounds the contracts of minors. Ratification must be voluntary and not obtained by circumvention. *Thing* v. *Libbey,* 16 Me., 57. The transcript offered is neither supported by extrinsic facts nor intrinsic proof indicating any probative value on the question of ratification.

### DIRECTED VERDICT.

Sale and delivery of the merchandise to the defendant and failure to pay were admitted. Infancy was clearly proven. There was no evidence in the case to establish ratification of the contract after majority, and the fact that the infant falsely represented that he was of age when he ordered the goods, if proven, does not create an estoppel. *Whitman* v. *Allen,* 123 Me. 1, and cases cited. The merchandise was not necessaries. *Utterstrom* v. *Kidder,* 124 Me., 10. There being no disputed facts requiring determination by the jury, the verdict was properly ordered for the defendant.

*Exceptions Overruled.*