4

REED BROTHERS, INC.
*vs.*
DONALD E. GIBERSON

Aroostook.   Opinion, July 29, 1947.

*Charles M. Fowler,*
*A. F. Cook,* for the plaintiff.

*Granville C. Gray,*
*Philip D. Phair,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, FELLOWS, JJ.

FELLOWS, J. This is an action on a witnessed promissory note given December 3, 1928 and signed by B. Frank Giberson, Georgia A. Giberson, and Donald E. Giberson, the defendant. The defendant was then twenty years old. The case was referred, and the referee found for the defendant. Exceptions had been reserved, and objections to the referee's report were filed by the plaintiff, and the objections were overruled. The case is now before the Law Court on the plaintiff's exceptions to the acceptance of the referee's report. These exceptions are overruled.

There seems to be no dispute as to these facts: On November 13, 1928, B. Frank Giberson conveyed to his wife, Georgia A. Giberson and to his son, Donald E. Giberson, in common and undivided, three lots of farm land in Presque Isle, Maine. On December 3, 1928 these three Gibersons mortgaged the lots to Walter M. and George W. Reed in the sum of $6,290, subject to two prior mortgages in favor of Charles M. Brundage and the Presque Isle National Bank. This mortgage of 1928 was given to secure the note for $3,790 now in suit, and a second note for $2,500, which second note was paid in 1929. The defendant signed the note and mortgage to the Reeds in 1928, and became twenty-one on October 23, 1929.

This mortgage and debt of December 3, 1928 was assigned by the Reeds on March 12, 1931 to Reed Brothers, Inc. Reed Brothers, Inc. assigned on October 18, 1932 to Armour Fertilizer Works; and later, on September 14, 1937, Armour Fertilizer Works assigned the mortgage and the debt to Armour & Company of Delaware. On August 2, 1943, Armour & Company reassigned the mortgage and the note now in suit to Reed Brothers, Inc.

On September 30, 1932 the defendant and his mother, Georgia A. Giberson, mortgaged the farm to the Fort Fair-

field National Bank, reciting in the mortgage that the same was given subject to prior mortgages held by C. M. Brundage, Presque Isle National Bank and Reed Brothers, Inc.

Georgia A. Giberson and the defendant in the years 1934, 1935 and 1936 also gave to Armour Fertilizer Works mortgages on the crops grown or to be grown on the farm. In 1937 the defendant alone gave a crop mortgage to Armour Fertilizer Works. Each of these crop mortgages was for $500, "said sum to be applied on reduction of my indebtedness to said grantee." No mention of the Reed mortgage is made in these crop mortgages. B. Frank Giberson and Georgia A. Giberson are now deceased. The defendant is the only heir.

The defendant and his mother were in possession of the farm until her death in December 1936. The father died previously. The Brundage mortgage was foreclosed and the equity of redemption expired March 6, 1940; after which, on March 27, 1940, the farm was deeded back to the defendant by the Brundage assignee.

In this suit brought by Reed Brothers, Inc. on the above mentioned note for $3,790, the defendant pleaded the general issue with brief statement that he was a minor when the note was made. The plaintiff filed replication claiming ratification, and further claimed that the mortgage and note were a real estate transaction, and that the defendant had received title to real estate conveyed by the mortgage and retained the benefits therefrom.

The questions raised by the pleadings are (1) whether there was a ratification by defendant upon attaining majority and (2) whether this was a real estate transaction such as is excepted by the statute. The referee found that there was no ratification and that the statute did not apply.

The statute in question reads as follows:

No action shall be maintained on any contract made by a minor, unless he, or some person lawfully authorized, ratified it in writing after he ar-

rived at the age of 21 years, except for necessaries, or real estate of which he has received the title and retains the benefit. R. S. 1944, Chap. 106, Sec. 2.

From the earliest times in legal history it has been the policy of the law to protect the infant. The Legislatures of today universally recognize by statutes that minors must be saved from unscrupulous persons, who might take advantage of inexperience and immaturity. At common law, and by our statute, the infant is not authorized to bind himself or his property except for necessaries, (and except for real estate, as above stated). *Lawson* v. *Lovejoy,* 8 Me. 405; *Robinson* v. *Weeks,* 56 Me. 102; *Whitman* v. *Allen,* 123 Me. 1. By the terms of the Maine statute, ratification of a promise made by a minor, upon his reaching majority, must now be in writing. R. S. 1944, Chap. 106, Sec. 2 cited above. These disabilities of the minor are really privileges which the law gives him, and which he may exercise for his own benefit. The object is to secure him in his youthful years from injuring himself by his own improvident acts. Any person dealing with one who has not reached his majority, must do so at his peril. Coke's statement as to what are the necessaries, for which the minor is fully responsible, has been recognized for generations as the rule: "necessary meat, drink, apparel, necesary physic, and such other necessaries, and likewise his good teaching, or instruction, whereby he may profit himself afterwards." *Kilgore* v. *Rich,* 83 Me. 305; *Utterstrom* v. *Kidder,* 124 Me. 10.

Under the above statute therefore, one exception is the aforementioned necessaries, and one other exception is for "real estate of which he has received the title and retains the benefit." In this too, the law recognizes what may be beneficial to the minor, and a deed received by the minor or a deed given by the minor may be avoided by the minor at majority as against the other party. *Hubbard* v. *Cummings,* 1 Me. 11; *Boody* v. *McKenney,* 23 Me. 517; *Davis* v. *Dudley,* 70 Me. 236. This portion of the statute however has no application to the case at bar, for here the convey-

ance of one-half of the farm to the minor defendant was not made by the plaintiff, but by B. Frank Giberson, at the time when B. Frank Giberson made conveyance of the other undivided half to Georgia A. Giberson. The mortgage and note by the three Gibersons to the two Reeds was made later while defendant was a minor, and the purpose does not appear. The referee was correct in his ruling that "the transaction was *res inter alios acta*." 3 Bouvier Law Dictionary (3rd Rev.) 2908. The Giberson deed to defendant and the Reed mortgage were separate. It was not the "same contract." *Hubbard* v. *Cummings*, 1 Me. 11; *Dana* v. *Coombs*, 6 Me. 89.

Was there a statutory ratification of this 1928 note for $3,790 made by the defendant after attaining his majority? No writing was necessary at common law, for the word or act of the person after he became twenty-one was sufficient to ratify a promise made while under age. The statute now requires a writing, except for the necessaries, or the real estate title received and a retention of benefits. To ratify is to "approve and sanction," or "to confirm," as the definition is given in standard dictionaries. "The ratification required by the statute must be something more than a recognition of the existence of the debt and the amount due thereon. It must be a deliberate written ratification." *Sawyer Boot & Shoe Company* v. *Braveman*, 126 Me. 70, 71. The defendant's conduct after coming of age may show a sufficient ratification at common law, but if there is no ratification in writing the statute bars the action. *Lamkin & Foster* v. *LeDoux*, 101 Me. 581; *Thurlow* v. *Gilmore*, 40 Me. 378; *Bird* v. *Swain*, 79 Me. 529.

The fact that the defendant and his mother in 1932 joined in a mortgage to Fort Fairfield National Bank, and that in the mortgage it was stated, as is usual, that the land was subject to mortgages held by Brundage, Reed Brothers, Inc. et als. is not such a ratification by the defendant of this promissory note sued upon as the statute demands. It may have "recognized" the existence of a claim or debt but it

did not ratify. "Ratification of a voidable promise is a recognition of it and an election not to avoid it but to be bound by it. Ratification always resolves itself into a question of intention." *Sawyer Boot & Shoe Company* v. *Braveman,* 126 Me. 70, 71.

All of the mortgages and notes mentioned in the record, except one crop mortgage of 1937, were signed by the mother, Georgia A. Giberson, and the defendant. Whether the defendant and his mother were compelled to give mortgages through force of economic conditions and government regulations in order to raise an annual crop, does not clearly appear. The defendant however testified that they were obliged to make crop mortgages "in order to get the waiver."

The conditions in the various crop mortgages to fertilizer companies cannot be construed as a promise or ratification on the part of the defendant with regard to this Reed debt now sued upon. Partial payments are not ratification of a larger debt. "A deliberate written ratification" or a promise as to the whole debt is necessary. *Sawyer Boot & Shoe Company* v. *Braveman,* 126 Me. 70; *Lamkin & Foster* v. *LeDoux,* 101 Me. 581; *Neal* v. *Berry,* 86 Me. 193; *Hilton* v. *Shepherd,* 92 Me. 160; *Robbins* v. *Eaton,* 10 N. H. 561; *Catlin* v. *Haddox,* 49 Conn. 492. "It should be voluntary, not obtained by circumvention, nor under ignorance of the fact that he was entitled to claim the privilege." *Thing* v. *Libbey,* 16 Me. 55, 57.

In many cases there may be hardships for an adult party who attempts to transact commercial business with an infant. It requires but little investigation, however, to ascertain in doubtful instances that one has not reached his years of majority. There would seem to be no hardship here, for this witnessed note of 1928, wholly unpaid for nearly nineteen years and bearing an indorsement of only one year's interest in 1930, has probably rendered full service in its assignment wanderings as good "scenic" collateral. The too questionable character of this note was doubtless the cause

of the great delay in taking action. There was no statutory ratification in writing. The decision of the referee was correct.

*Exceptions overruled.*