LUCRETIA M. WHITAKER, Respondent, v. ALMON T. BURROWS, Appellant.

*Agreement void under the Statute of Frauds — accountability of a party receiving benefits thereunder — when tender and remedy of specific performance unnecessary — acts of ownership on the premises — evidence.*

A party who refused to go on with an agreement which is void under the Statute of Frauds, after having derived a benefit from a part performance thereof, must pay for what he has received under it, the other party not being in default.

One Whitaker, being about to purchase real estate, was unable to raise by $1,500 the purchase price thereof, and her brother purchased the property in his name, she furnishing the entire consideration except the $1,500. There was evidence tending to show that the verbal agreement between them was that the brother should furnish the $1,500, purchase the property in his own name, and should allow her to remain in the premises during his life, she to pay him the interest on the $1,500 so advanced by him, and that he should convey the property to her when he received the $1,500 and interest; but after thus acquiring the title the brother demanded his money, and on the next day sold the property.

In an action brought by Whitaker against her brother, in whose name the title to the real estate was taken, to recover the amount of money advanced by her towards the consideration of such premises,

*Held,* that the defendant's only interest in the premises was the amount of the sum which he had advanced towards the purchase price thereof, with interest thereon;

That it was not necessary, under the circumstances, for the plaintiff to make a tender, nor to resort to the remedy of specific performance against the purchasers from the defendant.

That a contract, made between the plaintiff and the persons from whom the defendant received the deed of such property, was properly admitted in evi-

dence where it was known to the defendant, had been read over to him, related to the transaction resulting in such deed to him, and no question was raised as to its due execution.

One of the issues under the pleadings was as to whether the agreement between the plaintiff and her brother continued in force until the conveyance of the property by him.

*Held,* that it was proper to receive proof of plaintiff's acts as owner of the property.

Upon the trial of the action the defendant put in evidence a lease, given to one of the plaintiff's witnesses by the purchasers from the defendant of such property, after its purchase.

*Held,* that it was not improper to allow such witness to be asked, by way of explanation, how he came to take the lease or what were his reasons for taking it.

APPEAL by the defendant, Almon T. Burrows, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 23d day of July, 1890, upon the report of a referee.

The action was commenced about August 11, 1888. In the complaint it is alleged that the defendant, on the 14th of August, 1882, purchased and took from Charles N. Putnam and Benjamin Hathaway, a conveyance of certain real estate, describing it; that the purchase was made and conveyance taken by defendant at the request and for the benefit of plaintiff; that of the purchase price the plaintiff paid about the sum of $840, and the defendant paid the sum of $1,500; that it was expressly agreed by and between the defendant and plaintiff that upon the payment by plaintiff to defendant of the balance of the purchase price, being $1,500 advanced and paid by defendant, he would convey the premises to her by a good and sufficient warranty deed; that on or about August 14, 1883, the plaintiff paid defendant to apply thereon, the sum of ninety dollars; that in or about July, 1886, the defendant, neglecting and refusing to perform said contract upon his part, conveyed the premises to other parties for the consideration of $2,600, and ejected, or caused plaintiff to be ejected from the premises, and although requested so to do, neglects or refuses to repay to plaintiff the moneys so paid and advanced by her, and had and received by him as aforesaid; that said agreement between plaintiff and defendant was in full force and effect at the time of such conveyance by defendant, and the plaintiff is still willing and ready to perform on her part, but that

the defendant has thereby put it out of his power to perform on his part. Judgment is demanded for $930, and interest. The answer admits the conveyance to defendant, and denies all the rest of the complaint.

*Alex. Cummings,* for the appellant.

*Moore & Scott,* for the respondent.

MERWIN, J. :

The facts of this case, as authorized to be found from the evidence, are substantially as follows :

On the 14th of August, 1882, the defendant received from Charles M. Putnam and Benjamin Hathaway, 2d, a conveyance of certain real estate, upon which the plaintiff resided with a Mr. Rood. Mrs. Rood was a sister of plaintiff, and the defendant is their brother. Putnam and Hathaway acquired their title on foreclosure of a mortgage, Rood being the owner of the equity of redemption. The consideration of the deed to defendant was made up as follows : $1,500 advanced by the defendant, $300 advanced by the plaintiff, and the balance was accounts to the amount of $600 to $700, which Rood had, or claimed to have, against Putnam and Hathaway, and which they were willing to allow on the purchase price. These accounts Rood had previously transferred to plaintiff. The negotiations for the purchase were between Putnam and Hathaway, and the plaintiff or her agent. Putnam and Hathaway were willing to sell the property to the plaintiff, and the amount of the consideration was agreed on. After applying the accounts and the $300 which plaintiff had, she needed $1,500 in order to complete the purchase. She had made an arrangement with one Wheeler to advance this $1,500, but this arrangement fell through, and then the defendant was applied to. He evidently knew the situation that plaintiff was in, and the character of the proposed arrangement with Putnam and Hathaway, and that plaintiff had not sufficient means of her own to carry it out. He thereupon agreed verbally with her that he would advance the necessary $1,500, take the title to the premises, and convey the same to the plaintiff or any other person she wished, when she paid him, or he received the $1,500 and interest. In pursuance of this arrangement, the deed was given to the

defendant, and the consideration paid as above stated. The time of payment of the $1,500 was left indefinite, there being evidence that defendant said to plaintiff that she should not be disturbed as long as he lived. The plaintiff remained in possession, and managed the property as owner. In 1883 she paid the defendant ninety dollars, being one year's interest on the $1,500. On the 24th of June, 1885, the defendant contracted in writing to sell and convey the premises to other parties for the price of $2,600, and he subsequently conveyed to them the premises, and received the consideration. The plaintiff refused to consent to this sale, or leave the premises, and she remained thereon till the summer of 1886, when she was dispossessed by the parties to whom the defendant sold. The defendant, before making the sale, did not give the plaintiff a reasonable opportunity to raise the money. According to her evidence, he demanded the money one day, and sold the property the next. He had previously induced her to believe that the money might remain as it was. The plaintiff, therefore, was not in default when the defendant made the sale, and placed it out of his power to convey a good title. He knew that the plaintiff, or those she represented, paid all the original consideration except the $1,500 he advanced; that plaintiff paid the $300, and that accounts were allowed as part of the price. After he made the sale, he stated that morally, he ought to pay the plaintiff all that he received over and above the $1,500 and interest, but denied his legal liability to do so. After a demand, this action was brought.

This being the situation upon the evidence, it would seem to be a case for the application of the familiar doctrine that a party who refuses to go on with an agreement, void by the Statute of Frauds, after having derived a benefit by a part performance, must pay for what he has received, the other party not being in default. (*Lockwood* v. *Barnes*, 3 Hill, 128; *Erben* v. *Lorillard*, 19 N. Y. 304; *Day* v. *N. Y. C. R. R. Co.*, 51 id. 590.) Under the arrangement between plaintiff and defendant, and relying on defendant's promise, the plaintiff made the payments which she did to Putnam and Hathaway, and the defendant in receiving the title, received the benefit of them as effectually as if they had been made to him and then he had passed them over to the grantors. The value was in the

land, and the defendant had the title. The price he obtained when he sold was $2,600, while the price to Putnam and Hathaway did not exceed $2,500. The decision of the referee treats the interest of the defendant in the property as the amount of his advance and interest, and the plaintiff's interest as $830, which is, in fact, the balance of $2,600, and does not exceed the payments of plaintiff. Interest is allowed from the time of the demand and the commencement of the suit.

After the defendant sold the property, it was not necessary for the plaintiff to make a tender, nor to resort to a remedy of specific performance against the purchasers from defendant. (*Smith* v. *Rogers*, 42 Hun, 110; affd., 118 N. Y. 675.)

So, that upon the merits, the defendant has no good ground of complaint.

The defendant further claims that the referee erred to the defendant's disadvantage in several rulings upon evidence. We find, however, nothing that calls for a reversal. The contract called Exhibit A, between plaintiff and Putnam and Hathaway, was properly received in evidence. It was known to the defendant, he heard it read over, and it related to the transaction resulting in the deed to defendant. At the trial when it was admitted, no question was raised as to its execution. It was proper to receive the proof of the repairs done by the plaintiff to the dam upon the premises, after her agreement with defendant, and before he sold. One of the issues under the pleadings, was whether the agreement between them continued in force until the conveyance by defendant, and her acts as owner upon the property were competent to be proved upon this subject. The defendant gave in evidence a lease to Mr. Rood from the purchasers from defendant after their purchase; for what purpose does not appear. It reflected upon Rood's situation; he was a witness for plaintiff. It was not improper to allow Rood to be asked, by way of explanation, how he came to take the lease, or what were his reasons for taking it. It is not necessary to refer to the other exceptions.

We think that substantial justice is accomplished by the judgment, and that it should be affirmed.

HARDIN, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.