HUGH MERANCY MURPHY, Respondent, v. JAMES W. WHITNEY, et al., Appellants.

[140  541
[146  196

The complaint herein alleged in substance that H. died, leaving seven children him surviving, of whom defendant M. is the last survivor; that none of them ever married except the father of plaintiff; that at the death of H. his children became tenants of a farm which they mutually agreed to own together as joint tenants, and that upon the death of either the farm should pass by devise or descent to the survivors; that they all lived together until the marriage of plaintiff's father, who thereafter moved away, prior to which time they had made valuable improvements; that after the birth of plaintiff, at a family meeting of all said children, a mutual agreement was entered into, re-affirming the prior agreement, and further agreeing that upon the death of the last survivor, the farm should, by devise or descent, pass to plaintiff; that this agreement was kept and performed until, by the deaths of the others, the title became vested in defendant M.; that the other defendants, who lived in the family, and were well aware of the agreement, had, by fraud, undue influence and coercion, obtained from M., who was feeble in body and mind and incompetent to manage her affairs, deeds to themselves and others of all of the real estate and are appropriating the proceeds. The relief asked was that the conveyances to said defendants be set aside and vacated; that they be required to account for the proceeds of the real estate sold, etc. On demurrer to the complaint, *held*, that it set forth a good cause of action; that the alleged agreement was neither against public policy nor did it contravene the statute against perpetuities; that, although the agreement was not in writing, there was a part performance sufficient to take it out of the Statute of Frauds; also, that plaintiff could pursue the land in the possession of those who had taken it with knowledge of the agreement, and when the land had been converted into money, he had the same right to pursue the proceeds; that it was no defense that the time had not arrived when, under the agreement, plaintiff was entitled to possession; that he had a vested remainder, and as remainderman had the right to protect the estate; and that although plaintiff was not a party to the agreement, as it was made for his benefit, and M. had received the full consideration, plaintiff could enforce it on his own behalf.

Reported below, 69 Hun, 573.

(Argued December 11, 1893 ; decided January 16, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 23, 1893, which affirmed a judgment overruling a

demurrer to the complaint entered upon a decision of the court on trial at Special Term.

This action was brought to establish a trust agreement, to set aside various conveyances of real estate from the defendant Mary Murphy to the defendants James W. Whitney and Aurelia W. Moore, and for an accounting.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The material allegations of the complaint and the facts, so far as material, are set forth in the opinion.

*Quincy Van Voorhis* for appellant. The arrangement, understanding or agreement was and is void because it contemplated and required an unlawful suspension of the power of alienation of the land in question. (1 R. S. 723, §§ 14, 15; *Schuttler* v. *Smith*, 31 N. Y. 328; *Knox* v. *Jones*, 47 id. 389; *Haynes* v. *Sherman*, 117 id. 433; *Garvey* v. *McDevitt*, 72 id. 556; *Hawley* v. *James*, 16 Wend. 61; *Dana* v. *Murray*, 122 N. Y. 604; *Fowler* v. *Ingersoll*, 127 id. 472; *Genet* v. *Hunt*, 113 id. 158; *In re Mayor*, etc., 55 Hun, 204.) The agreement is void because not in writing. (2 R. S. 134, §§ 6, 8; 2 Birdseye's Stat. 1233, 1234.) The position of the Supreme Court is that, notwithstanding the contract is void under two statutes, yet, inasmuch as Mary Murphy has received something in the nature of a consideration, a case exists calling upon the court to compel the performance of the unlawful agreement. That position cannot be sustained. (*Pratt* v. *Adams*, 7 Paige, 615; *Dewitt* v. *Brisbane*, 16 N. Y. 508; *Fowler* v. *Sculley*, 72 Penn. St. 456; Fry on Spec. Perf. 222, § 456; Pom. on Cont. 360; Perry on Trusts, 131; *Tracy* v. *Tallmadge*, 14 N. Y. 171; *Wood* v. *Rabe*, 96 id. 414; *Moyer* v. *Moyer*, 21 Hun, 67.) Plaintiff cannot maintain the action as the beneficiary of a trust. (*Greene* v. *Greene*, 125 N. Y. 506; 1 R. S. 727, §§ 55, 60; *Marks* v. *McGlynn*, 88 N. Y. 356; *Asche* v. *Asche*, 113 id. 232; *Bennett* v. *Garlock*, 79 id. 302; *Haynes* v. *Sherman*, 117 id. 433; *Garvey* v. *McDevitt*,

72 id. 456 ; *Noyes* v. *Blakeman,* 6 id. 567.) The plaintiff has no such interest as will authorize this action. (*Colton* v. *Fox,* 67 N. Y. 349 ; *Leonard* v. *Burr,* 18 id. 96–107 ; *Radley* v. *Kuhn,* 97 id. 26–34 ; *Fowler* v. *Ingersoll,* 127 id. 472 ; Fry on Spec. Perf. 677 ; 2 Story's Eq. Juris. 352, § 1040.) The agreement was voluntary and without consideration, and the owners of the property could revoke or cancel it without his consent. (Fry on Spec. Perf. 45 ; Perry on Trusts, § 163 ; *Gooding* v. *Brown,* 35 Hun, 648.)

*Myron H. Peck, Jr.,* for respondent. To render the complaint demurrable it must present defects so substantial in their nature as to authorize the court to say, assuming all the facts to be true, that no cause of action whatever is stated. (Baylies Code Pleading, 212 ; *Milliken* v. *W. U. T. Co.,* 110 N. Y. 403 ; 126 id. 193, 272.) The complaint states a cause of action. (64 N. Y. 471 ; 66 id. 548 ; 34 id. 307 ; 61 id. 123 ; 44 id. 609 ; 96 id. 414.) The payment by the father of the plaintiff of large sums of money in reliance upon the agreement that the property should eventually descend and belong to the plaintiff, is not unlike the advancement of money on an agreement to give security therefor, which a court of equity will enforce according to the terms of the agreement. (*Smith* v. *Smith,* 125 N. Y. 224.) The agreement between the heirs constituted a valid trust which a court of equity will enforce under the circumstances of this case. (Willard's Eq. Juris. [Potter's ed.] chap. 5, p. 260, m. p. 319 ; *Moyer* v. *Moyer,* 21 Hun, 67 ; *Simeon* v. *Schurck,* 29 N. Y. 598 ; *Foote* v. *Bryant,* 47 id. 544 ; *Reitz* v. *Reitz,* 80 id. 538 ; 18 Abb. [N. C.] 122 ; 13 id. 334 ; *Judd* v. *Burrell,* 22 N. Y. Supp. 212.) The trust having been repudiated and the plaintiff being the only person interested therein, it would seem that he has a right to maintain this action. (*Young* v *Carter,* 10 Hun, 194 ; *Pipes* v. *Hoard,* 107 N. Y. 73 ; *Pomeroy* v. *Pomeroy,* 54 How. Pr. 228 ; Fry on Spec. Perf. [3d ed.] 273 ; *Thompson* v. *Simpson,* 128 N. Y. 270.)

EARL, J.    The defendants' demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, having been overruled in the courts below, they have appealed to this court.

The complaint is very verbose and lengthy, occupying more than fifty pages of the printed record.  We will not attempt to make a precise or comprehensive abstract of it.  It is sufficiently accurate for the present purpose and for the exposition of the principles of law applicable to this case to state that it alleges in substance the following facts : That Hugh Murphy died in the town of Le Roy in this state in 1826, leaving three sons and four daughters, of whom the defendant Mary Murphy, now about ninety-five years old, is the last survivor ;. that none of these brothers and sisters was ever married except the father of the plaintiff, who was married in 1837 and died in 1861, leaving the plaintiff his only child and heir at law ; that plaintiff was born in 1839 ; that at and after the death of Hugh Murphy his seven children became and were tenants of a farm situated in the village of Le Roy ; that they all lived together upon the farm until the marriage of the plaintiff's father, and he sometime after his marriage moved to the state of Michigan ; that prior to that time they had made valuable improvements upon the farm and had mutually agreed to own the same together as joint tenants, and that upon the death of either the farm should pass by devise or descent to the survivors ; that after the birth of the plaintiff, and in or about the year 1857, at a family meeting of all the brothers and sisters, there was a mutual agreement entered into, by parol as we may assume, by which the prior agreement was re-affirmed, and it was then mutually again agreed that the farm should be owned together, and that as fast as either of them died it should by devise or descent pass to the survivor, and upon the death of the last survivor it should by devise or descent pass to the plaintiff and belong to him ; that this agreement was kept and performed by brothers and sisters until by the successive deaths the title became vested in the defendant Mary, the last survivor of them ; that the

defendants Whitney and Moore came to live in the Murphy family many years before the commencement of this action, and several years before, they commenced by fraud, falsehood, undue influence and coercion to obtain from the defendant Mary conveyances of portions of the real estate to themselves and to others; that the defendant Mary is feeble in body and mind and incompetent to manage her affairs, and that by fraud, artifice, undue influence and coercion they have procured her to convey away all of the real estate, and that they are appropriating the proceeds thereof to themselves; that during all this time they were well aware of the family arrangement and agreement which had been made for the benefit of the plaintiff in reference to the Murphy farm, and that their fraudulent acts were intended and designed to entirely deprive him of the benefit of that agreement; and he asked for relief, among other things, that the conveyances of the real estate made to the defendants Whitney and Moore be set aside and vacated, and that they be required to account for the proceeds of the real estate sold, and that a receiver be appointed, and for other relief.

We think it cannot be said that the complaint, although imperfectly and inartificially drawn, failed to allege a cause of action. It is claimed on the part of the defendants that the agreement alleged in the complaint as to the holding and transmission of the real estate, was against public policy as contravening the statutes against perpetuities. (1 R. S. 723, §§ 14 and 15.) Section 14 is as follows: "Every future estate shall be void in its creation, which shall suspend the absolute power of alienation for a longer period than is prescribed in this article. Such power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed." And section 15 is as follows: "The absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of not more than two lives in being at the creation of the estate, except in the single instance mentioned in the next section." This agree-

ment, assuming it to be valid and binding upon the parties, does not violate either of these sections. The absolute power of alienation is not suspended because there were at all times persons·in being who could convey an absolute fee in possession. All the brothers and sisters uniting with the plaintiff could at any time have conveyed a perfect indefeasible title to the real estate. Estates can be rendered inalienable by vesting them in trustees upon some one of the valid trusts mentioned in section 55 of the article upon trusts, so that they become inalienable under section 65 for a period of more than two lives in being at the creation of the trust, or by the creation of future, contingent or expectant estates so that there are no persons in being during the two lives who can convey a perfect title. (*Smith* v. *Edwards*, 88 N. Y. 104.) Here none of these conditions existed. The agreement did not contemplate that the persons interested were bound to keep and hold the land. It was an agreement for the benefit of all the brothers and sisters and of the plaintiff, and no other persons were interested therein, and if they had all, at any time, united in a sale and conveyance of the land, a perfect title would have passed and no rights under the agreement would have been violated.

It is further claimed on the part of the defendants that the agreement was void under the Statute of Frauds, because not in writing. But here there was part performance sufficient to take the agreement out of the Statute of Frauds. The agreement alleged in the complaint had been substantially kept by all the parties thereto until the land became vested in the defendant Mary, and she had thus been largely benefited by the agreement, and had received all the fruits thereof which were to come to her. She could not, therefore, urge against this agreement that it was void under the Statute of Frauds, because not in writing.

It is no answer to this action, assuming that the plaintiff is able to establish the agreement which he alleges, that the real estate has all been conveyed, and that the title to the farm has thus passed out of the defendant Mary. As the agree-

ment related to land the plaintiff is bound in this action to show that the facts are such that he would have been entitled to maintain the action if the defendant Mary had still retained the land, and having established such a state of facts he can pursue the land in the possession of those who have taken it with knowledge of the agreement ; and where the land has been converted into money he has the same right to pursue the proceeds thereof. This is not a case where the plaintiff was bound to pay anything more for the land, or to perform any further act on his part. The defendant Mary, before she made the conveyances of the land, had received the whole consideration which upholds the plaintiff's rights, and whoever takes and withholds the land or its proceeds from him with knowledge of his rights is in equity just as liable to him as the defendant Mary herself can be ; and this is certainly so as against the defendants Whitney and Moore, who are alleged to have obtained the property by fraud and to have paid no consideration therefor.

It is no defense to this action that the time has not yet come when the plaintiff could come into possession of the property under the terms of the agreement. The time had come when, assuming the validity of the agreement, he had a vested remainder in the property, and the right that the defendant Mary had to the real estate or its proceeds was a life estate — the right to the income thereof during her life. As a remainderman he had the right to protect the estate so that he might receive the same when it ought to come to him by the terms of the agreement. If the defendant Mary still held the land, and there was danger in consequence of her age and feeble mind, and the undue influence, artifice and fraud of the other defendants that she might convey it to a *bona fide* purchaser ignorant of the agreements, he could come into a court of equity and restrain the conveyance thereof. And, so far as the land has been converted into money and the defendants Whitney and Moore are appropriating the same to their own use, and there is danger that it may be dissipated and diverted from the plaintiff, so that he may not be able to get

it at the death of Mary, it would be a reproach to equity if its jurisdiction were not sufficient to give him some relief, so that the proceeds of the real estate may be preserved, not only to Mary during her life, but for his benefit at her death.

Although the plaintiff was not a party to the agreement alleged in the complaint, it was made ultimately for his benefit, as finally the whole Murphy estate, under the agreement, was to reach him. The defendant Mary having received the full consideration of the agreement made for his benefit, it cannot be questioned, under many authorities, that he has a standing to enforce it on his own behalf. (*Garnsey* v. *Rogers*, 47 N. Y. 233 ; *Vrooman* v. *Turner*, 69 id. 280.)

We do not now determine what relief the plaintiff shall have, nor the extent, nature or measure thereof. The defendants must answer the complaint, and if the plaintiff, under the principles of law herein announced, shall be able to establish a cause of action upon the trial, the relief to which he may be entitled will depend upon the case he will be able to make. All we determine now is that upon the facts alleged he is entitled to some relief.

The judgment should, therefore, be affirmed, but with leave to the defendants to withdraw their demurrer and answer within twenty days, upon payment of all the costs of the action subsequent to the interposition of the demurrer.

All concur, except BARTLETT, J., not sitting.

Judgment affirmed.