JOHN B. KINCAID, Respondent, v. CHARLOTTE KINCAID, Appellant, Impleaded with Others.

| 85 141 |
| 86 372 |
| 85 141 |
| 18ap548 |
| 85 141 |
| 157a 715 |

*Appeal on the judgment roll alone — ratification of the purchase of real estate by an infant — an agreement void under the Statute of Frauds — part performance thereof — payment by one and conveyance to another insufficient to create a trust — restitution enforced.*

| 85h 141 |
| 83 AD 562 |
| e 83 AD⁶563 |
| e 83 AD⁶564 |

Where an appeal is heard upon a judgment roll alone, the question to be determined by the appellate court is whether in any view of the facts found the judgment rendered was properly ordered.

Where an infant purchases real estate, and on becoming of age receives and uses it, the defense of infancy will not prevail to release her from the burdens, subject to which the real estate was taken

Ordinarily a party who refuses to go on with an agreement void by the Statute of Frauds, after having derived a benefit by a part performance, must pay for what he has received, the other party not being in default.

The mere fact that the purchase price of real estate was paid by one person and the conveyance thereof made to another, does not raise any use or trust in favor of the former, but the title vests in the latter. This, however, does not prevent the operation of any agreement that was good in law or equity in part performance of which the deed was given, and the power of a court of equity to compel the specific performance of a verbal agreement in cases of part performance is not thereby abridged.

Where one of the parties to a contract void by the Statute of Frauds, avails himself of its invalidity, and unconscientiously appropriates what he has acquired under it, equity will compel restitution, and it constitutes no objection to the claim that the opposite party may secure the same practical benefit, through the

process of restitution, which would have resulted from the observance of the void agreement. The part performance must be such that the party will be put into a situation which is a fraud upon him unless the agreement is fully performed.

APPEAL by the defendant, Charlotte Kincaid, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 18th day of August, 1894, upon the decision of the court rendered after a trial at the Jefferson Special Term adjudging that the defendant execute and deliver to the plaintiff a life lease of certain real estate, and also from an interlocutory judgment entered in said clerk's office.

*Rogers & Atwell*, for the appellant.

*Bradley Winslow*, for the respondent.

MERWIN, J.:

The appeal in this case is heard on the judgment roll alone, so that the question is whether, in any view of the facts found, the judgment for the plaintiff was properly ordered. (*Agricultural Ins. Co.* v. *Barnard*, 96 N. Y. 525.) The facts, as found by the Special Term, are substantially as follows:

The appellant is the daughter of the plaintiff, and was born on the 4th of June, 1871. On the 18th of August, 1890, the plaintiff agreed with one Taylor for the purchase of a farm of about 150 acres and some personal property, the consideration to be paid for the real estate being the sum of $6,000, and for the personal property $500. Both these sums the plaintiff paid to Taylor from his own funds, and Taylor, at plaintiff's request, conveyed the farm by a warranty deed to the appellant. The deed, when executed, was delivered to one Thompson, by whom it was prepared, who, at the request of the plaintiff, procured the same to be properly recorded on the 25th of August, 1890, and since it was recorded it has been in the possession of the plaintiff. Contemporary with the execution and delivery of the deed by Taylor, the plaintiff and the appellant "made an agreement one with the other whereby, in consideration of the purchase by the plaintiff of said farm and its conveyance to her, she would execute and deliver to the plaintiff a life lease of the same." This agreement was not in writing. After the execution of the deed the plaintiff managed the farm up to December 1, 1892,

and had a portion of the avails. At that date the appellant assumed control of the farm, and has since then deprived the plaintiff of all control over it, and has excluded him from the enjoyment of the rents and profits and of all interest therein, and, before the commencement of this suit, refused upon proper demand to execute to the plaintiff a life lease. No fraud or contrivance was practiced by the appellant upon the plaintiff in procuring the deed, and there was no mistake or misapprehension of any existing fact.

As conclusions of law it was found by the Special Term that the plaintiff was entitled to the possession of the farm, and to the use and occupation thereof for and during the term of his natural life, and that he was entitled to a judgment that the appellant execute and deliver to him a conveyance of a life lease thereof, the form to be settled by the trial justice if not agreed upon by the parties.

The appellant at the time of the making of the verbal agreement was an infant, being then about nineteen years old. This is claimed to be a defense to the action. She became of age on June 4, 1892. On December 1, 1892, she took possession of the property, claiming in effect to own and control it under the deed to her. She thereby accepted the deed and retained the benefits of her contract. Taking its benefits, she should be subject to its burdens. In *Henry* v. *Root* (33 N. Y. 526) it was held that when an infant has purchased real estate and has taken and continued in possession after becoming of full age, and has exercised acts of ownership over it, he will be deemed to have ratified the contract of purchase; that he cannot retain the benefits of his contract, and thus affirm it, after becoming of age, and yet plead infancy to avoid the payment of the purchase money. (See, also, 1 Pars. on Cont. [8th ed.] 326, note y; *Hubbard* v. *Cummings*, 1 Maine, 11; 10 Am. & Eng. Ency. of Law, 653.)

The present is not a case where an infant has undertaken to dispose of property of her own, and on becoming of age disaffirms the contract and reclaims the property. It is rather a case where an infant bargains for property, and on becoming of age receives and uses it but repudiates any obligation to pay for it. The defense of infancy should not prevail.

The appellant further claims that as the agreement was verbal she cannot be compelled to perform it upon her part, although she received and retains the full consideration coming to her. At the

time of the execution and delivery of the deed by Taylor, the appellant, in substance, agreed that if the plaintiff would purchase the property and have it conveyed to her she would execute and deliver to him a life lease. The plaintiff, on his part, fully performed. He cannot recover back from Taylor the money he paid him. Ordinarily a party who refuses to go on with an agreement, void by the Statute of Frauds, after having derived a benefit by a part performance, must pay for what he has received, the other party not being in default. ( *Whitaker* v. *Burrows,* 71 Hun, 481.) That is supposed to restore the parties to their original condition. Here the parties cannot in that way be restored to their original condition, inasmuch as Taylor is not obliged to receive back the property and return the money. Equitably, the appellant has no right to keep the property unless she performs her agreement.

The fact simply that the consideration to Taylor was paid by the plaintiff and the conveyance was made to the appellant, would not raise a use or trust in favor of plaintiff, but the title would vest in the appellant. (4 R. S. [8th ed.] 2437, § 51.) This, however, would not prevent the operation of any agreement that was good in law or equity, in part performance of which the deed was given. The power of a court of equity to compel specific performance of verbal agreements in cases of part performance was not intended to be abridged. (4 R. S. [8th ed.] 2590, § 10.) There is no doubt the title vested in the appellant, and that was the intention of the parties. The question here is whether the appellant should do as she agreed to do in case the title did vest in her.

In *Smith* v. *Smith* (125 N. Y. 224) it was held that a parol agreement to give a lien upon land for money to be expended in improving it, followed by an advancement and actual expenditure of the money in the manner contemplated, is so far performed that equity will enforce it and the Statute of Frauds is no defense. In *Murphy* v. *Whitney* (140 N. Y. 546) there was a verbal agreement under which the plaintiff claimed a remainder in certain real estate, and in pursuance of which the defendant, Mary Murphy, had become vested with the title, but was undertaking to dispose of it in violation of the agreement. In answer to the defense of the Statute of Frauds it was said : " But here there was part performance sufficient to take the agreement out of the Statute of Frauds.

The agreement alleged in the complaint had been substantially kept by all the parties thereto until the land became vested in the defendant Mary, and she had thus been largely benefited by the agreement, and had received all the fruits thereof which were to come to her. She could not, therefore, urge against this agreement that it was void under the Statute of Frauds, because not in writing." In *Ryan* v. *Dox* (34 N. Y. 307, 319) it is said : "Where one of the parties to a contract, void by the Statute of Frauds, avails himself of its invalidity, but unconscientiously appropriates what he has acquired under it, equity will compel restitution ; and it constitutes no objection to the claim that the opposite party may happen to secure the same practical benefit, through the process of restitution, which would have resulted from the observance of the void agreement."

The part performance must be such that the party will be put into a situation which is a fraud upon him unless the agreement is fully performed. (*Wheeler* v. *Reynolds*, 66 N. Y. 231; 1 Story's Eq. Juris. § 761; *Farwell* v. *Johnston*, 34 Mich. 342.)

As the plaintiff here cannot recover back from Taylor the money he paid him, and as he has no action at law against the appellant for damages, he will be placed in a situation that will be a fraud upon him unless there be specific performance. The Special Term, therefore, did not err in awarding specific performance. The fact that at the time of the original transaction there was no fraud or mistake does not help the appellant. The question is, whether her failure subsequently to perform will operate as a fraud upon the plaintiff.

The appellant claims that the form of the life lease as stated in the judgment is not correct. There is, however, no exception that raises the question. The agreement was to give a life lease, without stating for whose life. It is, however, from the facts as found clearly inferable that the intent of the parties was that the lease should be for the life of the plaintiff.

Some facts are found indicating that at the time of the arrangement between plaintiff and the appellant, there was litigation between the plaintiff and his wife, and that a few weeks after the delivery of the deed there was trouble between the plaintiff and the appellant. No facts, however, upon these subjects are found that

operate as a defense. They, perhaps, had a bearing on the question as to how the discretion of the court, said to exist in such cases (*Margraf* v. *Muir*, 57 N. Y. 158), should be exercised. No good reason is apparent for interfering with the discretion as exercised by the Special Term.

The judgments should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgments affirmed, with costs.