(18 Misc. Rep. 521.)

### HEATH v. HEATH et al.

(Supreme Court, Special Term, Orleans County.   November, 1896.)

1. PAROL CONTRACT—CONSIDERATION OF ADOPTION—TRUSTS.
   A parol agreement. made in consideration of the adoption of plaintiff by decedent, that plaintiff should at decedent's death have his property, subject to the interest of his widow, is valid, and imposes a trust on the property binding on the heirs, devisees, and purchasers with notice.

2. SAME—WILL CANNOT DEFEAT CONTRACTUAL RIGHTS.
   Plaintiff, who made a parol agreement with testator whereby she was to live with him as his adopted daughter, and at death receive his property, cannot by the will be deprived of the benefit of the agreement, and therefore the question whether a will so made is the free act of decedent is immaterial.

3. WILLS—DECLINATION TO PROBATE—CLOUDY TITLE.
   A surrogate has no jurisdiction to refuse probate, or to revoke the probate of a will, on account of a parol agreement affecting the title to land devised thereby.

4. PLEADING—RELIEF CLAUSE NOT CONTRACTING.
   A complaint is not demurrable because it demands greater relief than plaintiff is entitled to.

5. SAME—COMPLAINT—INDEPENDENT CAUSES OF ACTION.
   An allegation in a complaint that a defendant perpetrated a fraud on decedent at a time when he was incapacitated by illness from transacting business constitutes a separate cause of action from one to recover the land thus transferred.

Action by Lizzie Heath against Maria Heath, individually and as executrix of the will of Orin Heath, deceased, and others, for specific performance.    Defendants demur to the complaint.    Sustained.

Whedon & Ryan, for plaintiff.

E. L. Pitts, for defendant Maria Heath, individually and as executrix.

S. E. Filkins, for defendant Fuller.

LAUGHLIN, J.    The complaint alleges that, in 1871, when plaintiff was 10 years of age, Orin Heath, since deceased, made a parol agreement with her father, in consideration of her leaving her parents, and living with and assisting him, taking his name and conducting herself as his daughter until her marriage, that he would adopt her as his own daughter, and educate and care for her as such, and would give, secure, and make over to her, and she should receive, at his decease, the same share and interest in his property as if she were his only child, and he were to die intestate, and that she should receive all the real and personal property of which he

was owner at his decease, subject only to his widow's right of dower and distributive share of personal property. Pursuant to this agreement, it is alleged that the plaintiff's parents delivered her over to the deceased, and that she fully performed the agreement on her part. It is further alleged that the defendant Fuller and the widow, who is the executrix, with full knowledge of the plaintiff's rights, and for the purpose of fraudulently defeating the same, and in the year 1889, about 10 months before the death of said Orin Heath, and when he was incompetent, through illness, induced him to deed to Fuller valuable lands in consideration of a transfer by the latter to him of lands much less valuable, and that the widow fraudulently induced him to make a will leaving all his property to her. The deceased left other real and personal property. This action is brought against the executrix, widow, heirs, and Fuller and his wife to enforce the specific performance of the parol agreement, and to obtain a decree in favor of the plaintiff for all of the property left by the deceased, and for the lands so deeded to the defendant Fuller, subject to the rights of the widow as such. The defendant Fuller demurs to the complaint for misjoinder of causes of action and failure to state a cause of action against him. The widow individually demurs on the same ground, and as executrix she demurs for a misjoinder of causes of action.

Orin Heath's parol agreement that the plaintiff should, at his death, have all his property, subject to the interest of his widow, made in consideration of the adoption of the plaintiff, and her living with him as his daughter, was valid, and imposed a trust upon such property, binding upon the heirs, devisees, and even purchasers with notice, which is enforceable in a court of equity. Gall v. Gall, 64 Hun, 601, 19 N. Y. Supp. 332; Id., 29 Abb. N. C. 19, and note (19 N. Y. Supp. 332); Godine v. Kidd, 64 Hun, 585, 19 N. Y. Supp. 335; Sherman v. Scott, 27 Hun, 331; Parsell v. Stryker, 41 N. Y. 480; Schutt v. Society, 41 N. J. Eq. 115, 3 Atl. 398; Roehl v. Haumesser, 114 Ind. 311, 15 N. E. 345; Sharkey v. McDermott, 91 Mo. 647, 4 S. W. 107. The deceased could not by law deprive the plaintiff of the benefit of the agreement, and it is, therefore, immaterial whether the will was the free act and deed of the deceased, or was procured through fraud, or owing to his incompetency. Kenyon v. Youlen, 53 Hun, 593, 6 N. Y. Supp. 784; Bolman v. Overall, 80 Ala. 451, 2 South. 624; Insurance Co. v. Holloday, 13 Abb. N. C. 16; Schutt v. Society, supra; Taylor v. Mitchell, 87 Pa. St. 518; Johnson v. Hubbell, 10 N. J. Eq. 332.

The surrogate had no jurisdiction to decline to probate or to revoke the probate of the will on account of the parol agreement with respect to the title to the property purporting to be devised by the will, and consequently the probate of the will is not an obstacle to this action. In re Giles' Estate, 11 Abb. N. C. 57; In re Keep (Surr.) 2 N. Y. Supp. 750.

The heirs are not necessary parties to this action; but, it being alleged that they claim that the will is void, they are proper parties, and future litigation may thereby be prevented.

The plaintiff prays that the widow's dower may be admeasured and that she may be directed to account as executrix for the personal property that has come into her hands. The complaint is not demurrable on the ground that the plaintiff may have demanded greater relief than she will be entitled to. The trial court will determine what relief should be granted to the plaintiff if she succeeds in establishing her cause of action. Murphy v. Whitney, 140 N. Y. 541–548, 35 N. E. 930.

The allegations of the complaint with respect to the fraud perpetrated by the defendant Fuller upon the deceased, at the time when the latter was incapacitated through illness from transacting business intelligently, constitute a separate cause of action from the recovery of the land thus transferred. The other parties to this action, with the exception of the widow, are not necessary parties to that action, and it will depend upon evidence of an entirely different nature and character from that required to establish the plaintiff's right to recover as against the widow and heirs of Orin Heath.

It is unnecessary to determine at this time whether such an action can be maintained against Fuller, for, in any event, before proceeding against him, the plaintiff should establish her rights under the parol agreement as against the heirs, devisees, and executrix of the deceased to all the property he left at the time of his decease.

I am of the opinion that the plaintiff states a cause of action as against all of the defendants excepting Fuller, that a cause of action is not stated as against him, and that there is a misjoinder of causes of action, on account of the allegations with respect to his having fraudulently obtained some of the property of the deceased during the latter's lifetime. The demurrers interposed by the defendant Fuller are, therefore, sustained. The demurrer of Maria Heath, individually, for misjoinder of causes of action is sustained, and her demurrer on the ground that the complaint fails to state a cause of action is overruled, with leave to the defendant to answer within 20 days, without costs. The demurrer of the executrix is sustained, but the ground of the demurrer being removed by this decision, the defendant may answer within 20 days, without costs. The plaintiff may, within 10 days, and on payment of $10 costs, amend the complaint to conform to this decision, by eliminating the allegations with respect to a cause of action against defendant Fuller. An interlocutory judgment may be entered accordingly.

Ordered accordingly.