(31 Misc. Rep. 562.)

### NEILSON v. BROWN et al.

(Supreme Court, Special Term, New York County. May, 1900.)

WILLS—DEVISE TO TRUSTEES—ESTATE IN REMAINDER—VALIDITY.

    A devise to executors of all the property of the testatrix, to hold the one-half of same during the life of C., and pay to him the income therefrom, with remainder to C.'s children, if he leave any, upon their severally attaining the age of 25 years, but, if he leave no children, then the capital and surplus to descend to those whom he may provide by will, and providing for a similar trust for the benefit of H., and the children surviving him, as to the other half of the estate of the testatrix, is not illegal as suspending the power of alienation beyond the period of a single life in being at the creation of the estate.

Action by Cornelia W. Neilson against Catherine Amelia Brown and others for partition of certain real estate. Report of referee confirmed.

    Charles E. Whitehead, for plaintiff.
    Mellis, Pryor & Richards, for Howard S. Neilson.
    George W. Lyon, for Paul Whitehead et al.
    Beno B. Gattell, for Catherine M. Neilson et al.
    Henry M. Whitehead, personally, and for F. A. Neilson.
    Robert Weil, for C. A. Whitehead.
    Charles F. Parmly, for Rice, Voorhees & Co.
    John R. Abney, for Elizabeth H. Brown.
    Stanley W. Dexter, for Catherine A. Brown et al.
    Leonidas Dennis, for Parmly.

FITZGERALD, J. This a motion to confirm the report of the referee in an action in partition. It appears that prior to July 6, 1866, Catherine S. Neilson and Elizabeth B. Grant were seised as tenants in common of the premises No. 114 William street, in the

city of New York; that Elizabeth B. Grant was the owner of three-fifths, and Catherine S. Neilson of the remaining two-fifths, interest; that on July 6, 1866, Catherine S. Neilson died, and by her will she bequeathed all her real and personal property to her children, share and share alike; that Elizabeth B. Grant died February 11, 1876, leaving to her sister, Theodosia G. Whitehead, five-sixths of her three-fifths interest, which equals a half interest in the said property. Theodosia G. Whitehead died May 23, 1880, leaving a will, which, in part, is as follows:

"I appoint John E. Parsons * * * my executors, giving to them, or such of them, or to such one or more of them, as may act, free power of sale, in their discretion, of any real estate I may have, with power to invest and reinvest the proceeds thereof. I give and devise to my said executors all my real and personal estate, to hold upon the following trust: First. To hold the one-half of the same during the life of my son Charles, giving to my said son, on his individual receipt, the income during his natural life, and at his death the capital to be given to his children, if he leave any, on their severally attaining the age of twenty-five years; if he leave no children, then the capital and any surplus of income to descend to those whom he may provide by will. Second. To hold the one-half of the same during the life of my son Henry, giving to my said son, on his individual receipt, the income thereof during his natural life, and at his death the capital to be given to his children, if he leaves any, on their severally attaining the age of twenty-five years; if he leaves no children, then the capital and any surplus of income to descend to those he may provide by will."

Through the failure of the parties named as executors in the will to qualify, Charles E. Whitehead qualified as executor in May, 1881. The defendant Henry M. Whitehead contends that the provisions of the first and second clauses of his mother's will were invalid, for the reason that they caused an unlawful suspension of the power of alienation. In answer to defendant's contention the learned referee says:

"I am of the opinion that such contention cannot be sustained, and that the devises are valid. Testatrix devised to her executors all her real and personal estate, to hold upon two separate and distinct trusts. * * * It is evident that the time fixed by the will for the final vesting of the respective estates in the grandchildren is the death of the owners of the respective estates, Charles E. Whitehead and Henry M. Whitehead. T. erefore, there is no suspension of the power of alienation beyond the period of a single life in being at the creation of the estate. The force and effect of the words, 'on their severally attaining the age of twenty-five years,' is not to suspend the vesting of the estate in remainder, but only to postpone the time of entering upon its enjoyment. It follows, therefore, that the children now living of the life tenants, respectively, have a vested remainder, subject to open and let in any other children who may be born at any time hereafter during the continuancy of the life estate of their father; and, in the event of any child dying before the termination of the life estate, the remainder would vest in the surviving children, and no interest therein would pass to the heirs at law or devisees of such deceased child."

I think the referee has very clearly stated his conclusions, which are supported by the decisions on this particular point.

"The statutory test of what constitutes a suspension of the power of alienation as to real estate, and of absolute ownership as to personal property, is that it occurs only when there are no persons in being by whom an absolute estate in possession can be conveyed." Murphy v. Whitney, 140 N. Y. 545, 35 N. E. 931, 24 L. R. A. 125.

In Radley v. Kuhn, 97 N. Y. 35, Rapallo, J., said:

"It is well settled that, where an estate in land is devised to an infant 'when he attains the age of twenty-one years,' his attaining that age is not a condition precedent to the vesting of his estate, but a simple postponement of the period at which he shall take possession."

To summarize: There are two trusts identical in terms. The duration of each trust is for one life only. On the death of Charles or Henry M. the property goes in fee to their children. The law prefers a vested remainder to one that is contingent. In order to give effect to this preference, adverbs of time used in limiting remainders are construed to refer to the time of enjoyment in possession, and not to the time of vesting in interest. Sawyer v. Cubby, 146 N. Y. 192, 40 N. E. 869; In re Young, 145 N. Y. 535, 40 N. E. 226; In re Murphy, 144 N. Y. 557, 39 N. E. 691. So that each child of the cestui que trust, while under the age of 25 years, had, during the father's life, a vested remainder in the estate devised by the testatrix, but which interest could not be enjoyed in possession until the death of the father and the attaining of the age of 25 years by the child. Therefore, on the termination of the trust by the death of the father, the children, although under the age of 25 years, would be the owners of the estate, freed from the trust, subject to the power of sale in the executors, the whole or any part of which estate could be sold by the executors, as such, by virtue of the power. That this is so, and was the intention of the testatrix, is evident from the first and second provisions of the will, which provide that, if Charles or Henry should die without leaving any children,—not without leaving children who had attained the age of 25 years, but without leaving any children,—then the said Charles or Henry could dispose of the remainder by will. Upon all these facts, as set forth, and upon the authority of Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481, Schermerhorn v. Cotting, 131 N. Y. 48, 29 N. E. 980, and Corse v. Chapman, 153 N. Y. 466, 47 N. E. 812, the disposition made by the testatrix of her estate is valid. Objections to the report overruled, and report confirmed.

Report confirmed.