CORNELIA W.. NEILSON, Plaintiff, *v.* CATHERINE AMELIA BROWN et al., Defendants.

(Supreme Court, New York Special Term, May, 1900.)

Trust — Distinct trusts giving the remainder to children of the life beneficiary " on their severally attaining the age of twenty-five years "— Power of alienation not suspended.

> A devise to executors of the whole estate of a testatrix, upon two distinct trusts identical in form under which they are directed to pay the income of one half to each of two sons of the testator, for life, with remainder " to his children, if he leaves any, on their severally attaining the age of twenty-five years " does not illegally suspend the power of alienation, as the latter clause postpones possession, but not vesting, and, in each case, the remainder will vest in interest in the children at the death of their father, whether or not they have then attained the age of twenty-five years.

MOTION to confirm the report of a referee in an action for partition.

Charles E. Whitehead, for plaintiff.

Mellis, Pryor & Richards, for Howard S. Neilson.

George W. Lyon, for Paul Whitehead and others.

Beno B. Gattell, for Catherine M. Neilson and others.

Henry M. Whitehead, personally, and for F. A. Neilson.

Robert Weil, for C. A. Whitehead.

Charles F. Parmly, for Rice, Voorhees & Co.

John R. Abney, for Elizabeth H. Brown.

Stanley W. Dexter, for Catherine A. Brown and others.

Leonidas Dennis, for Parmly.

FITZGERALD, J.  This a motion to confirm the report of the referee in an action in partition.  It appears that prior to July 6, 1866, Catherine S. Neilson and Elizabeth B. Grant were seized as tenants in common of the premises No. 114 William street, in the city of New York; that Elizabeth B. Grant was the owner of three-fifths, and Catherine S. Neilson of the remaining two-fifths interest; that on July 6, 1866, Catherine S. Neilson died, and by her will she bequeathed all her real and personal property to her children, share and share alike; that Elizabeth B. Grant died February 11, 1876, leaving to her sister, Theodosia G. Whitehead, five-sixths of her three-fifths interest, which equals a half-interest in the said property.  Theodosia G. Whitehead died May 23, 1880, leaving a will which in part is as follows: " I appoint John E. Parsons  *  *  *  my executors, giving to them or such of them, or to such one or more of them as may act, free power of sale in their discretion of any real estate I may have, with power to invest and reinvest the proceeds thereof.  I give and devise to my said executors all my real and personal estate, to hold upon the following trust: First.  To hold the one-half of the same during the life of my son Charles, giving to my said son on his individual receipt the income during his natural life, and at his death the capital to be given to his children, if he leave any, on their severally attaining the age of twenty-five years; if he leave no children, then the capital and any surplus of income to descend to those whom he may provide by will.  Second.  To hold the one-half of the same during the life of my son Henry, giving to my said son on his individual receipt the income thereof during his natural life, and at his death the capital to be given to his children, if he leaves any, on their severally attaining the age of twenty-five years; if he leaves no children, then the capital and any surplus of income to descend to those he may provide by will."  Through the failure of the parties named as executors in the will to qualify, Charles E. Whitehead qualified as executor in May, 1881.  The defendant Henry M. Whitehead contends that the provisions of the first and second clauses of his mother's will were invalid for the reason that they caused an unlawful suspension of the power of alienation.  In answer to defendant's contention the learned referee says: " I am of the opinion that such contention cannot be sustained, and that the devises are valid.  Testatrix devised to her executors all her real and personal estate, to hold upon two separate and distinct

trusts. * * * It is evident that the time fixed by the will for the final vesting of the respective estates in the grandchildren is the death of the owner of the respective estates, Charles E. Whitehead and Henry M. Whitehead. Therefore, there is no suspension of the power of alienation beyond the period of a single life in being at the creation of the estate. The force and effect of the words, ' on their severally attaining the age of twenty-five years,' is not to suspend the vesting of the estate in remainder, but only to postpone the time of entering upon its enjoyment. It follows, therefore, that the children now living of the life tenants respectively have a vested remainder, subject to open and let in any other children who may be born at any time hereafter during the continuancy of the life estate of their father, and in the event of any child dying before the termination of the life estate the remainder would vest in the surviving children, and no interest therein would pass to the heirs-at-law or devisees of such deceased child." I think the referee has very clearly stated his conclusions, which are supported by the decisions on this particular point. " The statutory test of what constitutes a suspension of the power of alienation as to real estate and of absolute ownership as to personal property is that it occurs only when there are no persons in being by whom an absolute estate in possession can be conveyed." Murphy v. Whitney, 140 N. Y. 545. In Radley v. Kuhn, 97 id. 35, Rapallo, J., said: " It is well settled that where an estate in land is devised to an infant ' when he attains the age of twenty-one years,' his attaining that age is not a condition precedent to the vesting of his estate, but a simple postponement of the period at which he shall take possession." To summarize: There are two trusts identical in terms; the duration of each trust is for one life only. On the death of Charles or Henry M. the property goes in fee to their children. The law prefers a vested remainder to one that is contingent. In order to give effect to this preference, adverbs of time used in limiting remainders are construed to refer to the time of enjoyment in possession, and not to the time of vesting in interest. Sawyer v. Cubby, 146 N. Y. 192; Matter of Young, 145 id. 535; Matter of Murphy, 144 id. 557. So that each child of the *cestui que trust*, while under the age of twenty-five years, had, during the father's life, a vested remainder in the estate devised by the testatrix, but which interest could not be enjoyed in possession until the death of the father and the attaining of the age of twenty-five

years by the child. Therefore, on the termination of the trust by the death of the father, the children, although under the age of twenty-five years, would be the owners of the estate, freed from the trust, subject to the power of sale in the executors; the whole or any part of which estate could be sold by the executors as such by virtue of the power. That this is so, and was the intention of the testatrix, is evident from the first and second provisions of the will, which provide that if Charles or Henry should die without leaving any children — not without leaving children who had attained the age of twenty-five years, but without leaving any children — then the said Charles or Henry could dispose of the remainder by will. Upon all these facts, as set forth, and upon the authority of Vanderpoel v. Loew, 112 N. Y. 167; Schermerhorn v. Cotting, 131 id. 48; Corse v. Chapman, 153 id. 466, the disposition made by the testatrix of her estate is valid. Objections to the report overruled and report confirmed.

Report confirmed.