## LOCKWOOD v. ADOLPHO.

### (Supreme Court, Appellate Term. May 24, 1910.)

JUDGMENT (§ 603*)—CONCLUSIVENESS.

 A judgment for the tenant in summary proceedings by the landlord for nonpayment of rent due in August, in which the tenant filed a verified answer alleging his eviction by the landlord's entry and breaking down and obstructing the hallways and rooms so as to make it unfit for habita-tion, was a bar to subsequent proceedings by the landlord for an install-ment of rent due the last half of October, if the condition of the premises remained the same, so as to continue the eviction; the cause of action in each case being the same.

 [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 603.*]

Appeal from Municipal Court, Borough of Manhattan, Third Dis-trict.

Summary proceedings by William B. Lockwood against Severino Adolpho. From a final order for the landlord, the tenant appeals. Re-versed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Jackson, Hollander & Frank (Samuel F. Frank, of counsel), for ap-pellant.

John Goode, for respondent.

PAGE, J. The verified answer of the tenant in this proceeding set up as a defense that during the months of July and August, and up to the date hereof (October 28th), the landlord, his agents, etc., en-tered upon and evicted the said tenant, by breaking down and obstruct-ing the hallways and rooms of said building, forcing beams, and shov-ing through the walls thereof, and rendering the same unfit for human habitation, and as a further defense set up the institution of a proceed-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

ing in August, 1909, by this same landlord against the same tenant to recover the same premises for nonpayment of rent, that in the said proceeding this tenant filed a verified answer setting up the same facts as hereinbefore set forth in the answer in this proceeding, that the issue thus joined duly came on for trial before one of the justices of the Municipal Court, and that the said justice duly rendered judgment in favor of the tenant upon the merits thereof, and that the situation and actual condition of the said premises are and at all times have been the same as they were at the time of filing the precept and decision in that proceeding, and claims by reason whereof the issues in this case are res adjudicata.

On the trial the tenant several times offered in evidence the record of the former proceeding, which was on objection excluded. This was manifest error. The record was relevant under the pleadings, and if the record showed that the same issues were litigated in that proceeding it was a bar to this proceeding, unless the landlord could show that the condition of the premises had since changed and that the actual eviction from a part of the premises had ceased. The landlord's contention that, because the former proceeding was for installments of rent due for August and this for rent from October 15th to November 1st, therefore the cause of action is not the same, is not sound. The cause of action in both proceedings was the default in payment of an installment of the rent reserved in a written lease. The former adjudication was that the rent reserved under this lease was suspended by reason of an actual eviction from a part of the premises. Hamilton v. Graybill, 18 Misc. Rep. 521, 43 N. Y. Supp. 1079. So long as this partial eviction continued the final order of the court in the former proceeding was a bar to the further litigation of the issues determined therein. Having come to the conclusion that the order appealed from should be reversed for the foregoing reason, we have not examined, nor do we express any opinion upon, any other phase of this proceeding.

The final order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.