## Matter of the Will of JOHN STANTON, Deceased.

(Surrogate's Court, Rensselaer County, May, 1919.)

Wills — devise — when there is no suspension of power of alienation —
trusts — Personal Property Law, § 15.

Testator devised and bequeathed all of his property and the income thereof to his wife for life, with direction that at her death all of the estate should become the property of such of his children as had never married and to his son John. The homestead was to be used in common by the children and the income from the estate was to be used by the executor in defraying all expense incident to the support and maintenance of the homestead. The will then provided that the property should become and be the absolute property of the survivor of such of testator's children " as have never married and my son John," and continued: " In the event of any of my said children, now unmarried, marrying, with the exception of my son Edmond F. Stanton, his or her right to occupy the said residence as a home shall then and there cease and terminate, and any rights or benefits to the income from the property, hereby devised and bequeathed, to which such child might otherwise, during his or her life, have been entitled, are hereby forfeited." Testator left as his heirs at law and next of kin, all of whom are now living, his son Edmond F., three daughters none of whom have ever been married, his son John, who had been divorced, a widowed daughter, two married daughters, all of full age, and three minor grandchildren, children of a deceased son. Upon the filing of an answer to the petition of the special guardian of the grandchildren asking for a construction of the will, *held*, that there was no suspension of the power of alienation of the realty nor suspension of ownership of the personal property.

That while the giving of the income to take care of and handle created a trust it was not such a trust as would' be inalienable under section 15 of the Personal Property Law.

APPLICATION on probate proceedings for construction of will.

Thomas F. Powers, for proponent.

Misc.]　Surrogate's Court, Rensselaer County, May, 1919.

Frank E. McDuffee, special guardian, for minor heirs and next of kin.

McCHESNEY, S.　John Stanton of the city of Troy, N. Y., died on or about April 23, 1917, leaving a last will and testament by the terms of which he devised and bequeathed to his wife, Margaret J. Stanton, all of his property to have the use thereof for life.

The parts of his will to be considered are paragraphs numbered " Second " and " Third " respectively.　They read as follows:

" *Second.*　I hereby give, devise and bequeath to my wife, Margaret J. Stanton, all of my property of every name, nature and kind, including real, personal and mixed, of which I may die possessed, to have the use thereof, and the income therefrom, for and during her natural life.

" In the event of her death, it is my will that my said property, so devised and bequeathed, as aforesaid, shall become and be the property of such of my children as have never been married, and my son, John Stanton, Jr., and the homestead shall be used in common by them, and the income from said property shall be taken care of and handled by my executor, and shall be used in defraying any and all expenses incident to the support and maintenance of the said homestead so occupied by my said children who have never been married and my said son, John Stanton, Jr.

" The property so devised and bequeathed, as aforesaid, shall become and be the absolute property of the survivor of such of my children as have never been married and my son, John Stanton, Jr.

" *Third.*　In the event of any of my said children, now unmarried, marrying, with the exception of my son, Edmond F. Stanton, his or her right to occupy the said residence as a home shall then and there cease

Surrogate's Court, Rensselaer County, May, 1919. [Vol. 107.

and terminate, and any rights or benefits to the income from the property, hereby devised and bequeathed, to which such child might otherwise, during his or her life, have been entitled, are hereby forfeited.''

The testator left him surviving the following named heirs-at-law and next of kin all of whom are now living, viz.: A son, Edmond F. Stanton, and three daughters, Frances I. Stanton, Una M. Stanton and Grace Stanton, none of whom had ever been married; a son, John Stanton, Jr., who had been divorced; a widowed daughter, Mary S. Curley; two married daughters, Helen S. Mahoney and Teresa A. Fitzgerald, all of full age, and three minor grandchildren, John Stanton, William P. Stanton and Margaret Stanton, children of a deceased son.

It being conceded that the provision for the widow is valid the special guardian of the above-named minor grandchildren did not oppose probate of the will but filed an answer to the petition asking for a construction and alleging that paragraphs second and third suspend the power of alienation of real property, the ownership of personal property and the vesting of remainders beyond the statutory period; that they do not create a trust of the income; do not finally dispose of the same, and are in restraint of marriage.

The will has been admitted to probate and the widow is now enjoying her life estate in possession.

The language of the will is plain and unambiguous. There is no doubt that it is the will of John Stanton and there is no misunderstanding his intent. He gives his wife the use of everything for life and on her death he gives his five children, Edmond, Frances, Una, Grace and John, the use of the homestead which is to be supported and maintained by the income of his estate handled by his executor. The survivor of the five to have the absolute ownership.

There is no presumption that this income will be more than is necessary for such maintenance or that there will be any unlawful accumulation. The giving of the income to Edmond to take care of and handle creates a trust but it is not such a trust as would be inalienable under section 15 of the Personal Property Law.

The survivor of these five children is to become the absolute owner of the property. There is a provision in paragraph numbered third for the elimination of a candidate by marriage. It is not necessary here to pass on the validity of that provision. If valid it might shorten the time before absolute ownership takes effect. Whether valid or not it does not and cannot add any new names or other or different persons to the class or change the result in a way to affect any person other than one of the five children named. Even if one or more can withdraw none can be added. Every person who can by any possibility or contingency become the absolute owner is now in existence.

Whether by marriage or death, or both, of the others, one of this five must become the survivor and thus be the person intended by the testator to be the absolute owner and this absolute ownership would carry with it the ownership of the income.

Every estate, interest, right and possibility, present and future, vested and contingent, in the property is represented by a living person capable of alienating and conveying at his option the estate or interest represented and there is no suspension of the power of alienation or of ownership. The widow and the five children separately or by joining in a conveyance can convey away every interest there is to convey. " In other words in order to avoid a suspension of alienability it is sufficient if there are persons in being

who by combining the several estates, rights, interests and possibilities that they represent or are authorized to speak for, can if they all wish to, patch up an absolute fee." Chapl. Susp. Alien. 16, § 39; Real Prop. Law, § 42; *Murphy* v. *Whitney,* 140 N. Y. 541, 546; *Wells* v. *Squires,* 117 App. Div. 502, 504; *Durkee* v. *Smith,* 90 Misc. Rep. 92, 100.

As there are persons in being by whom an absolute fee in possession can be conveyed there is no suspension of the power of alienation of the real property nor suspension of ownership of personal property. The widow, Margaret J. Stanton, and the five children, Edmond F. Stanton, Frances I. Stanton, Una M. Stanton, Grace Stanton and John Stanton, take all the property pursuant to the terms of the will.

Decreed accordingly.